# EXHIBIT 4

SUM-100

**FIRST AMENDED SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2012 MAR -7  P 12: 05

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JANE DOE, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): 37-2012-00092039-CU-PO-CTL |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, CENTRAL DIVISION
330 West Broadway
San Diego, CA  92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Linda G. Workman, SBN 128621          DICKS & WORKMAN, APC
750 B Street, Suite 2720               (619) 685-6800
San Diego, CA  92101

DATE: **MAR 0 7 2012**                Clerk, by **M. PHAM**, Deputy
(Fecha)                               (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

[SEAL]

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: DOE v. CITY OF SAN DIEGO, et al. | NUMBER: 37-2012-00092039-CU-PO-CTL |
|---|---|

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THE CITY OF SAN DIEGO, by and through the SAN DIEGO POLICE DEPARTMENT, a public entity; ANTHONY AREVALOS, an individual; KEVIN FRIEDMAN, an individual; DAVID BEJARANO, an individual; WILLIAM LANSDOWNE, an individual; and DOES 1 through 50, inclusive

Page_____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2017 MAR -7 P 12: 03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Joseph G. Dicks (SBN 127362)
   Linda G. Workman (SBN 128621)
2  DICKS & WORKMAN, APC
   750 B Street, Suite 2720
3  San Diego, California 92101
   Telephone: (619) 685-6800
4  Facsimile: (619) 557-2735
   Email: jdicks@dicks-workmanlaw.com
5       lworkman@dicks-workmanlaw.com

6  Attorneys for JANE DOE, Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  JANE DOE, an individual,                Case No. 37-2012-00092039-CU-PO-CTL

12        Plaintiff,                         FIRST AMENDED COMPLAINT FOR
                                             DAMAGES FOR:
13  v.

14  THE CITY OF SAN DIEGO, by and           (1)   SEXUAL ASSAULT;
    through the SAN DIEGO POLICE            (2)   SEXUAL BATTERY;
15  DEPARTMENT, a public entity;            (3)   FALSE ARREST;
    ANTHONY AREVALOS, an individual;        (4)   FALSE IMPRISONMENT;
16  KEVIN FRIEDMAN, an individual;          (5)   VIOLATION OF STATUTE:
    DAVID BEJARANO, an individual;                CIVIL CODE § 52.1;
17  WILLIAM LANSDOWNE, an individual;       (6)   VIOLATION OF STATUTE:
    and DOES 1 through 50, inclusive,             CIVIL CODE § 51.7;
18                                          (7)   VIOLATION OF STATUTE:
          Defendants.                             CIVIL CODE § 52.4;
19                                          (8)   VIOLATION OF STATUTE:
                                                  42 USC § 1983;
20                                          (9)   NEGLIGENCE; AND
                                            (10)  INTENTIONAL INFLICTION OF
21                                                EMOTIONAL DISTRESS

22                                          *IMAGED FILE*

23

24        Plaintiff alleges:

25                              I.  VENUE

26        1.     Venue is proper in the San Diego County Superior Court because one or more

27  of the defendants resides in San Diego, California, Plaintiff sustained injuries in San Diego

28  County, and the misconduct, which is the subject of this action, was perpetrated in San Diego

                          FIRST AMENDED COMPLAINT
                                  - 1 -

1    County.

2    **II. PARTIES**

3    2.    Plaintiff JANE DOE is an individual, and at all times relevant to the matters

4    alleged herein, was over the age of eighteen.

5    3.    Plaintiff is informed and believes that Defendant CITY OF SAN DIEGO, by

6    and through the SAN DIEGO POLICE DEPARTMENT, is a public entity.  Plaintiff has

7    complied with all relevant and applicable claims statutes.

8    4.    Plaintiff is informed and believes that Defendants Officer ANTHONY

9    AREVALOS ("OFFICER AREVALOS"), Sergeant KEVIN FRIEDMAN ("SERGEANT

10   FRIEDMAN"), Chief DAVID BEJARANO ("CHIEF BEJARANO") and Chief WILLIAM

11   LANSDOWNE ("CHIEF LANSDOWNE") are individuals who are or were, at all relevant

12   times during the events and transactions which form the basis of Plaintiff's claims as set forth

13   herein, employed by Defendant CITY OF SAN DIEGO, by and through the SAN DIEGO

14   POLICE DEPARTMENT, or some other division/department of Defendant CITY OF SAN

15   DIEGO, and were at all relevant times, acting under the color of law and in the course and

16   scope of their employment with Defendant CITY OF SAN DIEGO.

17   5.    Plaintiff is informed and believes that Defendants DOES 1 through 50 are

18   entities or individuals who are in some manner legally responsible for the wrongdoing alleged

19   in this First Amended Complaint, and were a substantial factor in causing Plaintiff's damages.

20   Plaintiff does not know the true names of defendants sued as DOES 1 through 50, and

21   therefore sues them by fictitious names.  The names, capacities and relationship of DOES 1

22   through 50 will be alleged by amendment to the First Amended Complaint when they are

23   known.  DOES 1 through 50 were, at all relevant times, acting under the color of law and in the

24   course and scope of their respective employments.

25   6.    Defendants CITY OF SAN DIEGO, by and through the SAN DIEGO POLICE

26   DEPARTMENT, OFFICER AREVALOS, SERGEANT FRIEDMAN, CHIEF BEJARANO,

27   CHIEF LANSDOWNE and DOES 1 through 50, are referred to collectively as "Defendants."

28   Plaintiff is informed and believes that each of the Defendants was the agent, employee,

1   employer and/or co-conspirator of the others, and in doing the things alleged herein, was acting

2   within the course and scope of its agency, employment, and/or conspiracy, and ratified,

3   approved, concealed, covered up, condoned, accepted and/or encouraged, for their own benefit

4   and gain, the acts and inactions of each other.

5                                  III. **GENERAL ALLEGATIONS**

6        7.      The first transaction or event that forms the basis of Plaintiff's claims as alleged

7   herein occurred in or about the year 1993, when OFFICER AREVALOS was hired by

8   Defendant CITY OF SAN DIEGO as a police officer, with all of the powers, responsibilities

9   and duties attendant thereto.  Unfortunately for Plaintiff and other unsuspecting victims of

10  OFFICER AREVALOS' conduct, as more specifically set forth below, Defendant CITY OF

11  SAN DIEGO and DOES 1 through 50 failed to properly test, screen, examine or evaluate

12  OFFICER AREVALOS.  As a consequence of that failure, Defendant CITY OF SAN DIEGO

13  and DOES 1 through 50 failed to properly identify OFFICER AREVALOS for what he was – a

14  dangerous sexual predator.  Plaintiff is informed and believes, and thereon alleges that had

15  Defendant CITY OF SAN DIEGO and DOES 1 through 50 properly tested, screened,

16  examined and evaluated OFFICER AREVALOS prior to his hiring, he never would have been

17  hired.

18       8.      The next series of transactions and events that form the basis of Plaintiff's

19  claims as alleged herein was the establishment and promulgation of an unwritten official

20  policy, custom, and practice by OFFICER AREVALOS' supervisors and superiors, including,

21  but not limited to Defendants SERGEANT FRIEDMAN, CHIEF BEJARANO, CHIEF

22  LANSDOWNE, and DOES 1 through 50, which provided OFFICER AREVALOS and others

23  with the feeling and belief that their conduct, as illegal as it was, was not going to be punished

24  and would instead be protected as a privilege of their position as police officers.  While

25  "protect and serve" may have been the motto affixed to OFFICER AREVALOS' patrol car, an

26  unwritten official policy, custom, and practice existed within the SAN DIEGO POLICE

27  DEPARTMENT which allowed officers to serve themselves, if they so desired, as long as they

28  took reasonable steps to avoid getting caught. This unwritten official policy, custom, and

1  practice allowed OFFICER AREVALOS to feel entitled to repeatedly stalk, molest, harass,

2  kidnap, falsely arrest, falsely imprison, sexually assault and batter, and violate the civil rights

3  of female citizens of the City of San Diego without fear of reprisal by his supervisors and

4  superiors. In accord with the unwritten official policy, custom, and practice of Defendants,

5  OFFICER AREVALOS selected for his victims women who were out alone at night, thereby

6  providing Defendants with what they considered to be "plausible deniability" in the

7  administration of their unwritten official policy, custom, and practice. If faced with a report of

8  police misconduct, Defendants knew they could evade professional or legal consequences by

9  simply claiming that these female victims were "drunk" and/or "lacking in credibility."

10         9.      The next series of transactions and events that form the basis of Plaintiff's

11  claims as alleged herein were the serial stalkings, molests, harassments, kidnaps, false arrests,

12  false imprisonments, sexual assaults and batteries, and violations of civil rights of female

13  citizens that OFFICER AREVALOS committed as an on-duty, sworn member of the SAN

14  DIEGO POLICE DEPARTMENT, which were known, encouraged, authorized, and ratified by

15  OFFICER AREVALOS' supervisors and superiors, including, but not limited to Defendants

16  SERGEANT FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE, and DOES 1

17  through 50. While patrolling the streets of San Diego in a marked police car and making use

18  of his badge, uniform, gun, mace, baton, handcuffs and other tools of the trade, OFFICER

19  AREVALOS purposefully targeted solitary women as his prey and perpetrated attacks upon

20  them under color of authority during otherwise routine traffic stops. While many of OFFICER

21  AREVALOS' victims were too scared and intimidated to report his attacks, others did have the

22  courage to report the attacks to OFFICER AREVALOS' supervisors and superiors, including,

23  but not limited to Defendants SERGEANT FRIEDMAN, CHIEF BEJARANO, CHIEF

24  LANSDOWNE and DOES 1 through 50. Some of these reports were corroborated by fellow

25  law enforcement personnel and other witnesses. Not only did Defendants "look the other way"

26  in the face of OFFICER AREVALOS' violent and perverted acts and propensities, as well as

27  "turn a deaf ear" to pleas for help from female victims and to corroborating reports by fellow

28  law enforcement personnel and members of the public, but Defendants also acted in such a

1  way as to encourage, authorize and ratify these attacks, including but not limited to: (1)

2  allowing OFFICER AREVALOS to collect inappropriate photographs, undergarments and

3  shoes of female victims, suspects and others, which were obtained by him in the course and

4  scope of his employment with the SAN DIEGO POLICE DEPARTMENT; (2) granting

5  OFFICER AREVALOS permission to drive young females whom he had stopped for routine

6  traffic violations to quiet, dark or private locations knowing that he would perpetrate sexual

7  attacks against them; (3) allowing OFFICER AREVALOS to drive victims home; (4) allowing

8  OFFICER AREVALOS to drive alone with a victim to a local hospital after she reported his

9  sexual assault of her to law enforcement personnel; and (5) allowing OFFICER AREVALOS

10  to continue to patrol without a partner in the Gaslamp District of downtown San Diego after

11  being reported for sexual misconduct and after being investigated by the San Diego County

12  District Attorney's Office.

13        10.    The next series of transactions and events that form the basis of Plaintiff's

14  claims as alleged herein was the illegal cover-up of police misconduct undertaken by

15  OFFICER AREVALOS' supervisors and superiors, including, but not limited to Defendants

16  SERGEANT FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE, and DOES 1

17  through 50. Knowing OFFICER AREVALOS' propensity to commit violent and perverted

18  acts upon female members of the public during the course and scope of employment, not only

19  did Defendants fail to punish OFFICER AREVALOS or terminate OFFICER AREVALOS'

20  employment with the SAN DIEGO POLICE DEPARTMENT, but Plaintiff is informed and

21  believes, and thereon alleges that Defendants conspired to, and did in fact, purposefully and

22  systematically cover-up OFFICER AREVALOS' many attacks. Furthermore, Defendants

23  intentionally and systematically sought to improperly quash the investigation and prosecution

24  of OFFICER AREVALOS by law enforcement, including the San Diego County District

25  Attorney's Office. Not until Plaintiff reported her attack, part of which was caught on hidden

26  camera thereby making it impossible for Defendants to further cover-up for OFFICER

27  AREVALOS, or each other, were Defendants forced to fire OFFICER AREVALOS.

28        11.    The next transaction or event that forms the basis for Plaintiff's claims as

1   alleged herein is OFFICER AREVALOS' attack on Plaintiff.  On March 8, 2011, Plaintiff was

2   the victim of numerous, serious and violent crimes as described in Penal Code sections 207(a),

3   220, 289, 422.7, and 646.9, and related crimes.  Plaintiff was sexually assaulted, molested,

4   harassed, battered, kidnapped, falsely arrested, falsely imprisoned and deprived of her civil

5   rights at the hands of OFFICER AREVALOS while he was an on-duty, uniformed police

6   officer with the SAN DIEGO POLICE DEPARTMENT.  At the time of this attack, OFFICER

7   AREVALOS was being supervised by Defendant SERGEANT FRIEDMAN, CHIEF

8   LANSDOWNE and DOES 1 through 50.  OFFICER AREVALOS could not, and would not

9   have perpetrated his attack on Plaintiff had Defendants not failed in their hiring and on-going

10   supervision of OFFICER AREVALOS, including their failure to report, investigate, punish, or

11   terminate OFFICER AREVALOS for his repeated acts of sexual misconduct.  Moreover,

12   OFFICER AREVALOS could not, and would not have perpetrated his attack on Plaintiff had

13   Defendants not established an unwritten official policy, custom and practice which permitted

14   and encouraged OFFICER AREVALOS to act in violation of the law, and thereafter

15   authorized, ratified, and covered up OFFICER AREVALOS' sexual misconduct.

16        12.   As set forth above, at all times relevant herein, Defendant CITY OF SAN

17   DIEGO, by and through the SAN DIEGO POLICE DEPARTMENT, its officers, detectives,

18   supervisors and high ranking officials with the authority and ability to set and enforce SAN

19   DIEGO POLICE DEPARTMENT policy and procedure, including SERGEANT FRIEDMAN,

20   CHIEF BEJARANO, CHIEF LANSDOWNE and DOES 1 through 50, had as a matter of fact

21   created and implemented an unwritten official policy, custom, and practice that permitted and

22   encouraged its agents, employees, and co-conspirators to deny Plaintiff and other members of

23   the general public their rights to equal protection under the law and to due process of law, their

24   right to be free from unreasonable search and seizure, and other rights guaranteed under the

25   United States and California Constitutions, as well as statutory and common law rights as more

26   specifically set forth herein.

27        13.   At all times relevant herein, OFFICER AREVALOS, SERGEANT

28   FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE and DOES 1 through 50 acted

1   under the color of authority and exercised their police powers, including but not limited to

2   making use of their badges, uniforms, vehicles, emergency lights, radios, guns, mace, batons,

3   handcuffs, and all of the actual and perceived authority that said tools of the trade imply, to

4   carry out the unlawful acts alleged herein.

5     14. OFFICER AREVALOS singled Plaintiff out for sexual abuse, discrimination

6   and harassment because she is a woman. OFFICER AREVALOS stalked Plaintiff, kidnapped,

7   falsely arrested and imprisoned her in violation of the California Penal Code and then

8   subjected her to sexual assault and battery and harassment, involving sexual penetration, as

9   defined under Penal Code section 289.

10     15. OFFICER AREVALOS' actions were an offense to Plaintiff's personal dignity

11   and caused her to suffer physical injuries, severe humiliation, outrage, anxiety, fear, mental

12   anguish and emotional distress.

13     16. Plaintiff is informed and believes that OFFICER AREVALOS' actions,

14   including the stalking, sexual assault, molest, harassment, battery, kidnap, false arrest, false

15   imprisonment and deprivation of civil rights were motivated by Plaintiff's gender, as

16   OFFICER AREVALOS singled out Plaintiff for the above-referenced treatment because she

17   was and is a woman.

18     17. By his conduct, OFFICER AREVALOS intended to deprive Plaintiff of her

19   constitutionally protected civil rights to live and work within the City of San Diego without

20   being singled out because of her gender and subjected to stalking, kidnap, false arrest, false

21   imprisonment and unwanted, harmful and offensive sexual contact, molestation, harassment,

22   assault and battery at the hands of its uniformed police officers.

23     18. Plaintiff is informed and believes and thereon alleges that the actions of

24   OFFICER AREVALOS against her as described in this First Amended Complaint are not the

25   first time that OFFICER AREVALOS has engaged in this type of conduct as an on-duty,

26   uniformed police officer with the SAN DIEGO POLICE DEPARTMENT. As set forth above,

27   Plaintiff is informed and believes and thereon alleges that OFFICER AREVALOS had, on

28   numerous occasions prior to attacking Plaintiff, engaged in the same or similar conduct with

1   respect to other female members of the general public while OFFICER AREVALOS was an

2   on-duty uniformed police officer with the SAN DIEGO POLICE DEPARTMENT and while

3   under the supervision of and with the knowledge, consent, approval, encouragement and/or

4   acceptance of Defendants.

5       19.     Plaintiff is informed and believes and thereon alleges that Defendants were,

6   prior to OFFICER AREVALOS' stalking, sexual assault, molest, harassment, battery, kidnap,

7   false arrest and false imprisonment of Plaintiff and violation of Plaintiff's civil rights, made

8   aware of OFFICER AREVALOS' prior similar acts, proclivities, propensities and willingness

9   to engage in the same or similar acts while a uniformed, on-duty police officer for the SAN

10  DIEGO POLICE DEPARTMENT, and thus knew, or with reasonable diligence should have

11  known, that OFFICER AREVALOS was a sexual predator and a danger to Plaintiff and other

12  female members of the general public.

13      20.     As set forth above in this First Amended Complaint, Defendants knew that

14  OFFICER AREVALOS was: (1) collecting and keeping, for the primary purpose of satisfying

15  his perverse, lewd and lascivious sexual desires, inappropriate, compromising, lewd and

16  lascivious photographs of female victims, suspects and others which were obtained by him in

17  the course and scope of his employment with the SAN DIEGO POLICE DEPARTMENT; (2)

18  collecting and keeping, for the primary purpose of satisfying his perverse, lewd and lascivious

19  sexual desires, the undergarments, shoes and photographs thereof, belonging to female victims,

20  suspects and others which were obtained by him in the course and scope of his employment

21  with the SAN DIEGO POLICE DEPARTMENT; (3) habitually, and for the primary purpose

22  of satisfying his perverse, lewd and lascivious sexual desires, initiating traffic stops on female

23  members of the general public so that he could advance his plan, as a sexual predator, to

24  threaten, kidnap, falsely arrest, falsely imprison, sexually assault, molest, harass, batter and

25  deprive said female members of the general public of their civil rights;  (4) habitually, and for

26  the primary purpose of satisfying his perverse, lewd and lascivious sexual desires, stalking, in

27  person, by telephone, and other electronic means, female members of the general public so that

28  he could advance his plan, as a sexual predator, to threaten, kidnap, falsely arrest, falsely

1  imprison, sexually assault, molest, harass, batter and deprive said female members of the

2  general public of their civil rights; and (5) habitually, and for the primary purpose of satisfying

3  his perverse, lewd and lascivious sexual desires, digitally penetrating and penetrating with

4  foreign objects the vaginas of females who he targeted for abuse.

5      21.    As a consequence of said knowledge, Defendants were aware of the danger

6  OFFICER AREVALOS posed, as a sexual predator, to Plaintiff and other unsuspecting,

7  vulnerable female targets of OFFICER AREVALOS' criminal conduct.  Unfortunately for

8  Plaintiff and other victims, Defendants failed to take any or adequate steps to prevent, mitigate

9  or otherwise avoid the obvious danger OFFICER AREVALOS posed to Plaintiff and other

10  female members of the general public who all justifiably relied on Defendants, and each of

11  them, to adequately screen, hire, train, retain, supervise, report, discipline, monitor, control and

12  terminate, if necessary, OFFICER AREVALOS as a sworn peace officer.  In fact, Defendants'

13  conduct in condoning, approving, ratifying, consenting to, encouraging, accepting, refusing to

14  stop, failing to prevent, failing to train, covering up and remaining silent in the face of such

15  conduct, created an atmosphere and culture of acceptance of OFFICER AREVALOS' pattern

16  and practice of conduct that went beyond a simple "code of silence," and which amounted to

17  an unwritten official policy, custom, and practice that provided OFFICER AREVALOS with

18  the feeling, assurance and belief that his conduct, illegal as it was, was not going to be

19  punished and would instead be protected as a privilege that went along with his badge and gun.

20  Defendants knew, or it should have been obvious to Defendants, that this unwritten official

21  policy, custom, and practice was likely to result in a deprivation of Plaintiff's rights to equal

22  protection under the law, to due process of law, her right to be free from unreasonable search

23  and seizure, and other rights guaranteed under the United States and California Constitutions,

24  as well as statutory and common law rights as more specifically set forth herein.

25          IV.  **PLAINTIFF'S PROTECTED PRIVACY STATUS**

26      22.    Due to the sexual nature of the crimes, Plaintiff requests and is entitled to

27  remain anonymous.  Without the use of a pseudonym, her true name and face would become

28  publicly associated with the details of the sexual assault against her and it would cause her

1 further serious emotional distress as she fears retaliation, retribution and/or recrimination from

2 members or former members of the CITY OF SAN DIEGO, SAN DIEGO POLICE

3 DEPARTMENT, other law enforcement agencies, and misguided members of the public at

4 large who resent Plaintiff for having come forward with her complaint against OFFICER

5 AREVALOS and encouraging others, by her act of bravery, to come forward.

6      23.     Public disclosure would expose Plaintiff to further humiliation, ridicule, and to

7 possible future threats, sexual harassment or stalking, and may result in retaliation by current

8 or former members of the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT or

9 other law enforcement agencies whose members or former members resent Plaintiff for having

10 reported OFFICER AREVALOS, for having testified against OFFICER AREVALOS in his

11 criminal proceeding, and for bringing and prosecuting the current lawsuit.

12      24.     Accordingly, pursuant to Penal Code sections 293 and 293.5, Plaintiff requests

13 the continued protection of pseudonym status in order to safeguard her privacy and to prevent

14 further emotional distress, humiliation and further sexual harassment, stalking, battery, assault

15 and violations of her civil rights.

16 **V.  FIRST CAUSE OF ACTION**

17 **(Sexual Assault – Against All Defendants)**

18      25.     Plaintiff incorporates herein paragraphs 1 through 24, above.

19      26.     OFFICER AREVALOS threatened to touch Plaintiff in a harmful or offensive

20 manner.

21      27.     It reasonably appeared to Plaintiff that OFFICER AREVALOS was about to

22 carry out the threat.

23      28.     OFFICER AREVALOS acted intending to cause harmful or offensive contact

24 with Plaintiff.

25      29.     Plaintiff did not consent to OFFICER AREVALOS' conduct.

26      30.     Plaintiff was harmed when OFFICER AREVALOS caused her imminent fear of

27 a harmful or offensive contact with Plaintiff's genitals, anus, groin, buttocks and breasts.

28      31.     In so doing, and as alleged herein, OFFICER AREVALOS and all other

1   Defendants acted under color of authority, within the course and scope of employment, agency,

2   and in conspiracy with each other, and pursuant to the established unwritten official policy,

3   custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

4   the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

5   approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

6   their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

7   other female members of the general public similarly situated.

8       32.   Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

9   substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of

10  Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

11  physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

12  loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

13  trial, but not less than $25,000.

14              **VI. <u>SECOND CAUSE OF ACTION</u>**

15              **(Sexual Battery - Against All Defendants)**

16      33.   Plaintiff incorporates herein paragraphs 1 through 24, above.

17      34.   OFFICER AREVALOS intended to and in fact did cause harmful or offensive

18  contact with Plaintiff's genitals, buttocks and breasts, and a sexually offensive contact with

19  Plaintiff resulted.

20      35.   Plaintiff did not consent to OFFICER AREVALOS' conduct.

21      36.   OFFICER AREVALOS caused a harmful or offensive contact with Plaintiff's

22  genital area, buttocks and breasts.

23      37.   In so doing, and as alleged herein, OFFICER AREVALOS and all other

24  Defendants acted under color of authority, within the course and scope of employment, agency,

25  and in conspiracy with each other, and pursuant to the established unwritten official policy,

26  custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

27  the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

28  approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

1 | their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

2 | other female members of the general public similarly situated.

3 |      38.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

4 | substantial factor in causing Plaintiff harm. If not for the failures and misconduct of

5 | Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

6 | physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

7 | loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

8 | trial, but not less than $25,000.

9 | **VII. THIRD CAUSE OF ACTION**

10 | **(False Arrest - Against All Defendants)**

11 |     39.    Plaintiff incorporates herein paragraphs 1 through 24, above.

12 |     40.    Plaintiff was wrongfully arrested by OFFICER AREVALOS without a warrant

13 | and without probable cause.

14 |     41.    In so doing, and as alleged herein, OFFICER AREVALOS and all other

15 | Defendants acted under color of authority, within the course and scope of employment, agency,

16 | and in conspiracy with each other, and pursuant to the established unwritten official policy,

17 | custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

18 | the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

19 | approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

20 | their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

21 | other female members of the general public similarly situated.

22 |     42.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

23 | substantial factor in causing Plaintiff harm. If not for the failures and misconduct of

24 | Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

25 | physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

26 | loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

27 | trial, but not less than $25,000.

28 | ///

## VIII.   FOURTH CAUSE OF ACTION

### (False Imprisonment - Against All Defendants)

43.     Plaintiff incorporates herein paragraphs 1 through 24, above.

44.     OFFICER AREVALOS wrongfully detained Plaintiff, intentionally depriving Plaintiff of her freedom of movement by use of physical barriers, threats of force, use of force and false imprisonment, coercion and duress.

45.     The detention resulted in OFFICER AREVALOS compelling Plaintiff to go to a public restroom at a nearby 7-Eleven retail store against her will and stay there for an appreciable time while OFFICER AREVALOS sexually assaulted, molested, harassed and battered Plaintiff.

46.     Plaintiff did not knowingly or voluntarily consent.

47.     In so doing, and as alleged herein, OFFICER AREVALOS and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein, the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

48.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial, but not less than $25,000.

## IX. FIFTH CAUSE OF ACTION

### (Violation of Statue:  Civil Code § 52.1 - Against All Defendants)

49.     Plaintiff incorporates herein paragraphs 1 through 48, above.

50.     By intimidation, threats and violence, OFFICER AREVALOS interfered with, or attempted to interfere with, Plaintiff's right to be free of physical restraints, within the City of San Diego, and her right to be free of unwanted sexual assault, harassment, molestation and battery.

51.     Plaintiff reasonably believed that if she tried to exercise her right to be free of physical restraints, avoid being sexually assaulted, harassed, molested and battered, OFFICER AREVALOS would commit additional and more severe acts of violence against her.

52.     OFFICER AREVALOS harmed Plaintiff in order to interfere with her right to be free from physical restraints and unwanted sexual assault, molestation and battery.

53.     In so doing, and as alleged herein, OFFICER AREVALOS and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein, the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

54.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial, but not less than $25,000.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case.  Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but not less than $25,000.

## X.  SIXTH CAUSE OF ACTION

### (Violation of Statue:  Civil Code § 51.7 - Against All Defendants)

56.    Plaintiff incorporates herein paragraphs 1 through 55, above.

57.    OFFICER AREVALOS intentionally threatened and committed violence against Plaintiff.

58.    A motivating reason for OFFICER AREVALOS' threatened violence was his perception of Plaintiff's gender as a woman.

59.    A reasonable person in Plaintiff's position would have believed that Defendant OFFICER AREVALOS would carry out his threat, and Plaintiff in fact believed that Defendant OFFICER AREVALOS would carry out his threat.

60.    A reasonable person in Plaintiff's position would have been intimidated by Defendant OFFICER AREVALOS' conduct, and Plaintiff was in fact intimidated by Defendant OFFICER AREVALOS' conduct.

61.    In so doing, and as alleged herein, OFFICER AREVALOS and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein, the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

62.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial, but not less than $25,000.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff was required

1   to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and

2   necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably

3   and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but

4   not less than $25,000.

5                              **XI. SEVENTH CAUSE OF ACTION**

6               **(Violation of Statue: Civil Code § 52.4 - Against All Defendants)**

7         64.      Plaintiff incorporates herein by reference paragraphs 1 through 63, above.

8         65.      OFFICER AREVALOS, in committing the acts and crimes set forth above, has

9   subjected Plaintiff to gender violence as defined in Civil Code §52.4, causing her severe

10   emotional distress in the form of anxiety, depression, humiliation, shame, loss of sleep, fear

11   and rage.

12         66.      In so doing, and as alleged herein, OFFICER AREVALOS and all other

13   Defendants acted under color of authority, within the course and scope of employment, agency,

14   and in conspiracy with each other, and pursuant to the established unwritten official policy,

15   custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

16   the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

17   approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

18   their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

19   other female members of the general public similarly situated.

20         67.      Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

21   substantial factor in causing Plaintiff harm. If not for the failures and misconduct of

22   Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

23   physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

24   loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

25   trial, but not less than $25,000.

26         68.      As a direct and proximate result of Defendants' conduct, Plaintiff was required

27   to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and

28   necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably

1  and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but

2  not less than $25,000.

3  ## XII. EIGHTH CAUSE OF ACTION

4  **(Violation of Federal Civil Rights:  42 U.S.C. § 1983 - Against All Defendants)**

5        69.    Plaintiff incorporates herein paragraphs 1 through 68, above.

6        70.    OFFICER AREVALOS intentionally interfered with Plaintiff's civil rights by

7  intimidation, coercion, violence, threats of violence and unlawful acts against her person when

8  he wrongfully and unlawfully arrested and imprisoned her without a warrant or probable cause

9  and then sexually assaulted, harassed, molested and battered her.

10        71.    In so doing, and as alleged herein, OFFICER AREVALOS and all other

11  Defendants acted under color of authority, within the course and scope of employment, agency,

12  and in conspiracy with each other, and pursuant to the established unwritten official policy,

13  custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

14  the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

15  approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

16  their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

17  other female members of the general public similarly situated.

18        72.    Defendants' conduct deprived Plaintiff of her rights to equal protection under

19  the law and to due process of law, her right to be free from unreasonable search and seizure,

20  and other rights guaranteed under the United States and California Constitutions, as well as

21  statutory and common law rights as more specifically set forth herein.

22        73.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

23  substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of

24  Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

25  physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

26  loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

27  trial, but not less than $25,000.

28        74.    As a direct and proximate result of Defendants' conduct, Plaintiff was required

1   to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and

2   necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably

3   and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but

4   not less than $25,000.

5                                 **XIII. NINTH CAUSE OF ACTION**

6            **(Negligence -- Against All Defendants, Except OFFICER AREVALOS)**

7        75.    Plaintiff incorporates herein paragraphs 1 through 74, above.

8        76.    Defendants had a duty to Plaintiff and the general public to properly screen,

9   hire, train, retain, supervise, report, discipline, monitor, control and terminate (when justified)

10   its law enforcement officers, including Defendants OFFICER AREVALOS, SERGEANT

11   FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE, and individual DOE defendants,

12   given the foreseeability of harm to the Plaintiff and other female members of the general public

13   similarly situated, the degree of certainty that Plaintiff suffered injury, the closeness of the

14   connection between the Defendants' conduct and the injury suffered, the moral blame attached

15   to the Defendants' conduct, the policy of preventing future harm to Plaintiff and other female

16   members of the general public, the limited burden on Defendants, the consequences to the

17   community of imposing a duty on the Defendants to exercise care with the resulting liability

18   for breach, the availability, cost and prevalence of insurance for the risk involved, the extent of

19   the Defendants' powers, the role imposed upon Defendants by law and the limitations imposed

20   on Defendants by applicable budgets, if any.

21        77.    Defendants breached their duty to Plaintiff by failing to properly screen, hire,

22   train, retain, supervise, report, discipline, monitor, control and terminate (when justified) its

23   law enforcement officers, including Defendants OFFICER AREVALOS, SERGEANT

24   FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE, and individual DOE Defendants.

25        78.    In so doing, and as alleged herein, OFFICER AREVALOS and all other

26   Defendants acted under color of authority, within the course and scope of employment, agency,

27   and in conspiracy with each other, and pursuant to the established unwritten official policy,

28   custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

1    the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

2    approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

3    their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

4    other female members of the general public similarly situated.

5          79.    As a consequence of said negligence, Plaintiff suffered physical harm, serious

6    and severe emotional distress in the form of anxiety, depression, humiliation, shame, loss of

7    sleep, fear and rage and incurred, and continues to incur expenses for medical treatment as well

8    as a loss of earnings and earning capacity, all in an amount to be proven at the time of trial, but

9    not less than $25,000.

10                    XIV. **TENTH CAUSE OF ACTION**

11          **(Intentional Infliction of Emotional Distress – Against All Defendants)**

12         80.    Plaintiff incorporates herein paragraphs 1 through 79, above.

13         81.    Defendants' conduct, as alleged herein, was outrageous.

14         82.    Defendants acted knowingly, willfully, and with malicious intent and did in fact

15   intend to cause Plaintiff emotional distress, or Defendants acted with reckless disregard for

16   Plaintiff's health, safety, welfare and well being, and did so with reckless disregard of the

17   probability of causing Plaintiff emotional distress.

18         83.    In so doing, and as alleged herein, OFFICER AREVALOS and all other

19   Defendants acted under color of authority, within the course and scope of employment, agency,

20   and in conspiracy with each other, and pursuant to the established unwritten official policy,

21   custom, and practice of the SAN DIEGO POLICE DEPARTMENT, and as also alleged herein,

22   the conduct of OFFICER AREVALOS and all other Defendants was consented to, ratified,

23   approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for

24   their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and

25   other female members of the general public similarly situated.

26         84.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

27   substantial factor in causing Plaintiff harm. If not for the failures and misconduct of

28   Defendants, as alleged in this First Amended Complaint, Plaintiff would not have suffered

1   physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame,

2   loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of

3   trial, but not less than $25,000.

4        **WHEREFORE**, Plaintiff prays for judgment as follows:

5        1.    Special damages, according to proof;

6        2.    General damages, according to proof, but not less than $25,000;

7        3.    Costs of suit;

8        4.    Punitive damages as against Defendants OFFICER AREVALOS, SERGEANT

9             FRIEDMAN, CHIEF BEJARANO, CHIEF LANSDOWNE and individual

10            DOE Defendants, in an amount subject to proof at the time of trial;

11       5.    Attorney's fees and statutory penalties as applicable under the statutes specified

12            herein; and,

13       6.    For such other and further relief as the Court may deem proper.

14

15   Dated: March 7, 2012                    DICKS & WORKMAN, APC

16

                                            By:

17                                              Linda G. Workman,

18                                              Attorneys for JANE DOE, Plaintiff

19

20

21

22

23

24

25

26

27

28