# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                            Plaintiff,<br>  vs.<br><br>CITY OF SAN DIEGO, et al.<br><br>                            Defendants. | CASE NO. 12-cv-689-MMA-DHB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY CIVIL PROCEEDINGS**<br><br>[Doc. No. 41] |

    Defendant Anthony Arevalos ("Arevalos") seeks an order staying all civil proceedings in this action pending completion of a related criminal appeal. [Doc. No. 41.] All other defendants (collectively "Defendants") joined the motion. [Doc. No. 43.] Plaintiff Jane Doe ("Plaintiff") opposes the motion [Doc. No. 44], and Defendants filed two separate replies [Doc. Nos. 45, 47]. For the following reasons, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

    This case involves the alleged criminal conduct of former San Diego Police Officer Anthony Arevalos. Plaintiff alleges that on March 8, 2011, Arevalos, an on-duty police officer, pulled her over for failing to activate her turn signal. (Second Amended Complaint ["SAC"], ¶ 1.) Plaintiff alleges that Arevalos then led her to a 7-Eleven bathroom where he forced Plaintiff to engage in explicit sexual acts. (*Id.* ¶¶ 1, 26.) The next day, Plaintiff called the San Diego Police Department and reported the incident.

    Subsequently, Arevalos was charged and convicted of multiple sex crimes in connection

with the March 8 incident. Arevalos is currently appealing his conviction, while serving an eight-year sentence under the care of the California Department of Corrections.

On February 9, 2012, Plaintiff filed a civil complaint in San Diego County Superior Court, naming the City of San Diego and Arevalos as defendants. Later, Plaintiff filed an amended complaint further naming Chief William Lansdowne, Chief David Bejarano, and Sergeant Kevin Friedman as defendants. On March 21, 2012, Defendants removed the action to this Court. Plaintiff then filed a Second Amended Complaint, alleging a variety of state and federal claims, and adding Lieutenant Rudy Tai and Sergeant Danny Hollister as defendants. On October 11, 2012, Arevalos filed the pending motion to stay.

Following his criminal conviction, Arevalos filed a timely notice of appeal with the Court of Appeals for the State of California. Arevalos filed his opening brief with the Court of Appeals on September 13, 2012. There is currently no date set for resolution of the appeal.

## II. LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). This is because simultaneous parallel civil and criminal proceedings are not objectionable, in the absence of substantial prejudice to the rights of the parties involved. *Id.* "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (alterations and internal quotation marks omitted). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Keating*, 45 F.3d at 324 (quoting *F. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The court should first consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324-25. In addition, the court should generally consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to

plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.*

A stay of an action is not necessary where a defendant's fifth amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis and implementing protective orders. *O. Thronas, Inc. v. Blake*, 2010 WL 931924, at *3 (D. Hawaii Mar. 10, 2010).

Where trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, courts are generally more reluctant to stay parallel civil proceedings. *See Milton Pollack*, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1989) ("[T]he appeal process is an uncertain, potentially long-ranging, process.  Only unusual circumstances would justify an order staying a post-conviction civil proceeding."); *see also General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1215 (8th Cir. 1973) (upholding the denial of an indefinite stay of civil proceedings sought after conviction but during appeal); *Arden Way Associates v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y. 1987) (stay not warranted where defendant had already entered a guilty plea and where the court could prevent prejudice by granting leave to amend the civil answer and permit the assertion of counterclaims).

## II. DISCUSSION

Defendant's motion is based on four grounds, namely that: (1) Arevalos' fifth amendment rights would be substantially implicated by proceeding with this action; (2) a stay is necessary to protect the other Defendants' interests; (3) a stay would conserve judicial resources; and (4) a stay would not prejudice Plaintiff or any non-party interests. (Def.'s Mot. 3-6.)

### A. Defendant Arevalos' Fifth Amendment Rights

When deciding whether to grant a stay of civil proceedings, a court must first consider "the extent to which the defendant's fifth amendment rights are implicated." *Keating*, 45 F.3d at 324 (citation and quotation marks omitted).  There is no question that Defendant's fifth amendment rights are implicated by permitting this case to proceed while his criminal conviction is being

appealed, as both cases involve the same incident.  The motion, though, turns upon the *extent* to which his fifth amendment rights are implicated.  *Id.*  Arevalos is appealing his conviction, and therefore it is possible that statements he makes in this civil proceeding could be used against him in a retrial of the criminal charges.  However, the possibility of a retrial appears remote.  First, Arevalos would need to succeed on the appeal.  Even if he is successful, however, the likelihood of retrial is slim.  Although Arevalos is not specific about the grounds of his appeal, it appears he is challenging his criminal conviction for insufficient evidence.  (*See* Def.'s Mot. at 4 ("Arevalos is challenging the basis of his entire criminal conviction, including the events and conduct alleged by Plaintiff Jane Doe.").)  If his appeal is successful on that ground, retrial on the same charges is unlikely.  *See McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010) (per curiam) ("Because reversal for insufficiency of the evidence is equivalent to a judgment of acquittal, such a reversal bars a retrial.").  Nor does Arevalos state that he is making any argument on appeal that would entitle him to a new trial if he won.  Thus, although Arevalos' fifth amendment rights are implicated in this case, the Court finds that the extent to which they are implicated is minimal.

Additionally, there are remedies short of an indefinite stay that could serve to protect Arevalos even if he is retried.  *See O. Thronas*, 2010 WL 931924, at *3 (stay unnecessary, as defendants' fifth amendment rights could be protected through less drastic means such as asserting the privilege on a question by question basis and implementing protective orders).  Arevalos does not argue that asserting the privilege on a question-by-question basis or requesting protective orders will be insufficient to protect his rights.

Finally, Arevalos makes a broad assertion that he "cannot say anything in this case, he arguably cannot file a responsive pleading, cannot answer written discovery, and certainly cannot subject himself to a deposition."  (Def.'s Mot. 4:16-19.)  However, as Arevalos highlights, Plaintiff has not yet propounded written discovery upon him.  Further, Arevalos does not explain why filing an answer would force him to give up his fifth amendment privilege.

**B. Other Factors**

    **1. Plaintiff's Interest**

In addition to the extent that a defendant's Fifth Amendment rights are implicated, courts

must also consider "the interest of the [plaintiff] in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to [plaintiff] of a delay." *Keating*, 45 F.3d at 325 (citation and quotation marks omitted). Defendants argue that a stay of this proceeding would not prejudice Plaintiff because "the evidence is well preserved and [Plaintiff] is primarily seeking monetary damages." (Def.'s Mot. 6:13-14.) In contrast, Plaintiff argues that she has a strong interest in proceeding expeditiously with this litigation and that she would be prejudiced were a stay implemented. (Pl.'s Opp'n 7:19-21.) Specifically, Plaintiff contends that she and some of her witnesses are frightened of retribution from law enforcement personnel and misguided members of the public. (Pl.'s Opp'n 9:8-9.) Moreover, Plaintiff contends that her "life, career goals and dreams are on hold until the resolution of this case." (Pl.'s Opp'n 9:12-13.)

The incident in question occurred in early March 2011, nearly two years ago. Defendants (apart from Arevalos) have answered Plaintiff's SAC, but discovery has not yet begun. Given the amount of time that has transpired since the incident occurred, as well as the fact that discovery has not yet begun, the Court finds that Plaintiff would suffer if the case is stayed until resolution of Arevalos' criminal appeal. Accordingly, this factor weighs in favor of denying a stay.

### 2. Burden on Defendants[1]

The next factor courts consider is "the burden which any particular aspect of the proceedings may impose on defendants." *Keating*, 45 F.3d at 325 (citation and quotation marks omitted). Defendants argue that, because Arevalos is the only witness to the events for which Defendants face liability, and because Arevalos intends to assert his fifth amendment privilege in this case, they are left with no way to defend their interests until the resolution of Arevalos' criminal appeal. (Def.'s Mot. 5:10-14.) Specifically, Defendants assert that they cannot compel Arevalos' testimony and therefore will be significantly prejudiced in the defense of this action without a stay. (Def.'s Mot. 5:15-23.) Plaintiff argues that, to date, "Arevalos' deposition has not

---

[1] Plaintiff mistakenly contends that Defendants are precluded from relitigating the issues that form the basis for Arevalos' criminal conviction. [Pl.'s Opp'n 6:25-28.] Unlike the federal rule and that of several states, the rule under California law is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired. *Producers Dairy Delivery Co. v. Sentry Ins. Co.* 41 Cal.3d 903, 910–911 (1986).

1  been noticed and no written discovery has been propounded upon him, and may never be, given
2  the overwhelming extrinsic evidence which exists corroborating Arevalos' crimes." (Pl.'s Opp'n
3  9:25-27.)  Further, Plaintiff contends that Defendants have a significant amount of discovery to
4  accomplish aside from the discovery they may want from Arevalos, and a stay would impose a
5  hardship on them.  (Pl.'s Opp'n 10:14-16.)

6  Here, it appears Defendants overstate their inability to defend themselves in this action.
7  First, a review of Defendants' Answer shows that Defendants state a litany of defenses which in no
8  way involve the particular acts of Arevalos.  (*See* Def.'s Ans. pp. 7-10.)  Second, as Defendants
9  point out, Arevalos will likely assert his fifth amendment rights on a question-by-question basis.
10 Thus, Arevalos will be able to participate to some degree in the discovery process.  Thus, though it
11 is possible that Defendants will be slightly prejudiced by Arevalos' assertion of his fifth
12 amendment rights, the degree of prejudice is not sufficiently great to outweigh the other factors
13 considered.

**3.  Convenience of the Court/Judicial Economy**

15 The third factor courts consider is "the convenience of the court in the management of its
16 case, and the efficient use of judicial resources."  *Keating*, 45 F.3d at 325.  For example, the Ninth
17 Circuit has held that a district court has an interest in clearing its docket and that this factor weighs
18 in favor of denying a motion to stay.  *Federal Sav. & Loan Ins. Corp. V. Molinaro*, 899 F.2d 899,
19 903 (9th Cir. 1989).  Defendants argue that a stay will conserve judicial resources, as the civil case
20 is complex with a variety of challenging legal issues.  (Def.'s Mot. 5:26-27.)  Defendants contend
21 that the case "is factually dense and will necessitate an enormous amount of discovery."  (Def.'s
22 Mot. 5:26.)  According to Defendants, if the Court allows this case to proceed knowing that
23 Arevalos will not be able to participate, it will be forced to deal with additional, unnecessary, and
24 time-consuming discovery issues.  (Def.'s Mot. 6:4-6.)  Staying this proceeding, Defendants argue,
25 will save the time and expense of these disputes by forgoing any issue with regard to Arevalos'
26 assertion of privilege.  (Def.'s Mot. 6:8-10.)  Plaintiff contends that leaving all discovery to an
27 uncertain later date, pending the criminal appeal, is senseless, and that Plaintiff has right to seek
28 justice and a timely resolution of her claims.  (Pl.'s Opp'n 12:12-17.)

Here, the Court has an interest in efficiently managing its civil docket, and a complete stay of this case would directly and negatively impact this goal. It is uncertain how long a stay would remain in effect, as the appellate process could continue for many months, even years. The Court is mindful that it may be burdened by discovery-related motions associated with Arevalos' assertion of privilege. Nonetheless, the Court finds this unlikely prospect fails to outweigh the burden of placing an indefinite stay on all proceedings in the case. Further, the Court recognizes that a large amount of discovery unrelated to Arevalos is likely to be undertaken. A stay would unnecessarily prevent this discovery from occurring, and delay resolution of the case for an indeterminate period.

### 4. Third-Party Interest

Next, courts consider "the interests of persons not parties to the civil litigation." *Keating*, 45 F.3d at 325 (citations and internal quotations omitted). Defendants argue that a stay of this proceeding would not prejudice third-party interests because third-party interests are not impacted by an order to stay as this litigation only implicates the parties before this Court. (Def.'s Mot. 6:13-18.) Plaintiff argues that:

> a significant number of other sexual assault victims who have suffered at the hands of Arevalos, as well as their families, friends, and co-workers, have risked their safety, privacy, reputations, and livelihoods to come forward in the criminal prosecution of Arevalos, in their own civil suits or as witnesses in aid of the other victims. Like Plaintiff, these witness's lives are on hold while they await this trial. Like Plaintiff, many of them fear retribution from other law enforcement personnel or misguided members of the public.

(Pl.'s Opp'n 13:6-17.) Upon review of the allegations in the case, the Court agrees with Plaintiff that resolution of this case has implications reaching beyond the immediate parties. Indeed, the many witnesses and alleged victims have a keen interest in the expeditious resolution of this case.[2]

### 5. Public Interest

The final factor courts must consider is "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325 (citation and quotation marks omitted). Defendants

---

[2] The parties spend a great deal of time disputing the importance of Plaintiff's newly-discovered witnesses (Witness S and Officer T, *see* Doc. No. 46). However, the discussion surrounding these witnesses does not alter the Court's analysis of the instant motion to stay.

argue that the public interest would be served if the Court issued a stay, as it would "ensure that all issues [are] dealt with in a fundamentally fair manner . . . ." (Def.'s Mot. 6:19-21.) Conversely, Plaintiff argues that Defendants' conduct raises important concerns about the safety of the public, especially the safety of women traveling alone on San Diego's roadways. (Pl.'s Opp'n 14:8-10.) Moreover, Plaintiff asserts that the public has an interest in the "swift provision of civil justice . . . ." (Pl.'s Opp'n 13:20-21.)

This factor lends little support for either side. Certainly, the public has great interest in fundamentally fair proceedings; yet, the Court finds that denying a stay will not jeopardize this honorable end. Further, the Court is not persuaded that, as Plaintiff argues, installing a stay would undermine the public safety which was already served through the criminal trial and conviction of Arevalos.

In sum, Arevalos has no constitutional right to a stay of proceedings, *Keating*, 45 F.3d at 324, 326, and bears the burden of establishing the necessity of a stay. *Clinton*, 520 U.S. at 708. The Court finds that Arevalos has failed to satisfy this burden, as his fifth amendment rights are not sufficiently implicated to warrant a stay, and an indefinite stay of the action would prejudice Plaintiff and third-party interests, while burdening the Court in its quest to efficiently manage its docket.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that a stay is not necessary or appropriate. Accordingly, the Court **DENIES** Defendant's Motion to Stay Civil Proceedings.

**IT IS SO ORDERED.**

DATED: December 7, 2012

Hon. Michael M. Anello
United States District Judge