UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　Defendants. | Civil No.　12-cv-0689-MMA (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING TERMS OF PROTECTIVE ORDER**<br><br>**[ECF No. 69]** |

On February 13, 2013, the parties filed a joint motion for determination of discovery dispute regarding the terms of a proposed protective order. (ECF No. 69.) The parties have negotiated the terms of a proposed protective order and have been "able to agree on all terms with the exception of one. The parties remain unable to agree to the scope of the proposed Protective Order as it relates to peace officer information." (*Id.* at 2:10-12.) Specifically, the parties dispute whether the protective order's definition of "confidential" should include "any information contained within a peace officer personnel file," as proposed by Defendants. (*Id.* at 2:17-19.)

Plaintiff contends that "Defendants are demanding, as a condition of executing any protective order, that Plaintiff concede that all of the information contained in a peace officer's personnel file is, by definition, 'Confidential' and therefore entitled to protected status. Such concession is not in accord with the principles established by the Federal

case law promulgated in this Circuit." (*Id.* at 3:16-20.) However, the case law that Plaintiff cites to addresses whether peace officers' personnel files should be produced, not whether they should be defined as "confidential" under a court's protective order. The Court disagrees with Plaintiff that the cases relied upon by Plaintiff "are instructive insofar as they establish that police personnel files do not garner any more protection than what would be accorded any other documents which are subject to the terms of a discovery order." (*Id.* at 5:28-6:3.)

Police officers have a recognized privacy interest in their personnel files. *See Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011). In addition, California Penal Code § 832.7 provides that "[p]eace officer . . . personnel records . . . or information obtained from these records, are confidential." CAL. PENAL CODE § 832.7(a) (emphasis added). Thus, the Court concludes that peace officers' personnel files should be afforded some measure of protection.

The Court recognizes that peace officers' "privacy rights have to be considered in light of the substantial weight afforded plaintiffs in civil rights cases against police departments." *Dowell*, 275 F.R.D. at 617. Indeed, the Court will address this issue when ruling on the parties' pending joint motion for determination of discovery dispute concerning Defendant City of San Diego's refusal to produce documents requested by Plaintiff. (ECF No. 56.) Defendants' proposed language would not prevent Plaintiff from obtaining those documents that the Court determines should be produced or from using those documents for purposes of this litigation. If disclosure is ordered, "Defendants' privacy concerns may be sufficiently protected with the use of a 'tightly drawn' protective order. *Dowell*, 275 F.R.D. at 617.

The Court is not persuaded by Plaintiff's claim that the Court's conclusion herein "would unreasonably bind Plaintiff's hands when she disputes the privileged status of any information contained therein, as well as force virtually every deposition and every court filing in this case to be done under seal." (ECF No. 69 at 6:24-26.) First, in light of the fact that police personnel records are confidential under California law, as noted above,

1  the Court does not anticipate that Plaintiff will need to dispute Defendants' confidential
2  designation of such records.  Second, it is not uncommon in cases involving sensitive
3  information (such as corporate financial information or trade secrets or, as here, internal
4  police personnel records) for the parties to be required to often seek leave to file
5  documents under seal.  Although this requirement imposes some burden on the parties,
6  it is appropriate in light of the sensitive nature of those cases.  This requirement is
7  likewise appropriate here.

8  Accordingly, the Court finds it appropriate that the definition of "confidential" in
9  the protective order entered in this case include "any information contained within a
10 peace officer personnel file."[1]  The Court's protective order will be issued in a separate
11 order.

12 **IT IS SO ORDERED.**

13 DATED: March 8, 2013

         DAVID H. BARTICK
         United States Magistrate Judge

---

[1] The Court will include the language proposed by Defendants even though it appears to be redundant.  Indeed, the parties' proposed language would extend "confidential" status to "any other information deemed privileged or confidential pursuant to any State or Federal statute or regulation."  (ECF No. 69 at 3:9-10.)  Thus, police personnel files would already be deemed confidential based on California Penal Code § 832.7.  The Court will nevertheless include Defendants' proposed language to provide further clarification of the scope of the protective order.