# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, et al.<br><br>                    Defendants. | CASE NO. 12-cv-689-MMA-DHB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 84] |

Presently before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Leave to File a Third Amended Complaint. [Doc. No. 84.] The Court, in its discretion, took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Having considered the briefs, and for the reasons stated herein, the Court **GRANTS** Plaintiff's motion.

## I. PROCEDURAL BACKGROUND

On February 9, 2012, Plaintiff filed a Complaint in San Diego County Superior Court, naming the City of San Diego, Anthony Arevalos, Kevin Friedman, and Does 1 through 50 as defendants. [Doc. No. 1, Ex. 1.] Plaintiff later amended the Complaint to add William Lansdowne and David Bejarano as defendants. [Doc. No. 1, Ex. 4.] On March 21, 2012, Defendants filed a Notice of Removal with this Court, alleging proper subject matter jurisdiction under 28 U.S.C. section 1331. [Doc. No. 1.]

Following a settlement conference on September 14, 2012, the Court issued a Scheduling Order which required "any motion to join other parties, to amend the pleadings, or to file additional pleadings" to be filed on or before October 13, 2012. [Doc. No. 34 at 1.] Subsequently, on September 18, 2012, Plaintiff filed a Second Amended Complaint ("SAC") adding Rudy Tai and Danny Hollister as defendants. [Doc. No. 35.] On February 20, 2013, the Court granted a joint motion to amend the scheduling order which, among other things, extended the discovery cutoff date to August 1, 2013, but did not extend the already-passed deadline to amend pleadings. [Doc. No. 73.]

On March 15, 2013, Plaintiff filed the instant motion, seeking leave to file a Third Amended Complaint ("TAC") to add as defendants Max Verduzco, Victoria Binkerd, and Robert Kanaski. Verduzco and Binkerd were Defendant Arevalos' superiors in the San Diego Police Department at the time of a newly-alleged 2007 incident set forth in the proposed TAC at paragraph 19. Assistant Chief Kanaski was allegedly involved in a separate 2010 incident involving Arevalos, also detailed in paragraph 19 of the TAC. The proposed TAC contains identical causes of action as the SAC, but adds additional allegations of the supervisory involvement of the three additional defendants.

## II. LEGAL STANDARD

Plaintiff asserts that Federal Rule of Civil Procedure 15(a)[1] provides the proper legal standard for determination of this motion. [Mot. at 15.] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. *Id.*

However, Rule 15 does not provide the initial standard under which the Court

---

[1] All future rule references are to the Federal Rules of Civil Procedure unless otherwise noted.

considers Plaintiff's request to amend her complaint. When, as here, a district court has entered a scheduling order setting a deadline to amend the pleadings, and a party moves to amend the pleadings after the deadline, the motion amounts to one to amend the scheduling order and thus is properly brought under Rule 16(b) rather than Rule 15. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).

## III. DISCUSSION

The Court's Scheduling Order set forth a pleading amendment deadline of October 13, 2012. [Doc. No. 34 at 1.] The current motion was not filed until March 15, 2013. Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading five months past the deadline. *See Coleman*, 232 F.3d at 1294.

**A.     Rule 16 Analysis**

Under Rule 16(b)(4)'s good cause standard, the Court's primary focus is on the movant's diligence in seeking the amendment. *Johnson*, 975 F.2d at 609. "Good cause" exists if a party can demonstrate that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted). The party seeking to continue or extend the deadlines bears the burden of proving good cause. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608.

In addressing the diligence requirement, a sister court has noted:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

If the district court finds a lack of diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609. If, however, the movant clears the Rule 16 bar, the Court proceeds to considering the motion under the usual standard of Rule 15.

Plaintiff asserts she was unaware of the involvement and potential liability of Verduzco, Binkerd, and Kanaski until receiving discovery documents from Defendants in mid-February 2013. Specifically, on February 15 Plaintiff received witness statements regarding a traffic stop made by Defendant Arevalos of a 16-year-old female in 2007. Verduzco and Binkerd were Arevalos' supervisors at the time, and, upon receiving complaints about Arevalos' behavior during the stop, allegedly covered up the incident. Next, documents obtained from the District Attorney on February 22, 2013 included an email sent by Kanaski which indicated he would not wait for an Internal Affairs investigation of a 2010 sexual assault charge against Arevalos to be completed before placing "Tony" back on patrol. Plaintiff states this was her first notice of Kanaski's involvement in and circumvention of the sexual assault investigation. Plaintiff argues that the City of San Diego's continued delay in producing requested personnel and investigatory materials, and not her lack of diligence, prevented her from discovering the involvement of Verduzco, Binkerd, and Kanaski.

Defendants do not contest that Plaintiff had no ability to learn of Verduzco, Binkerd, and Kanaski's involvement prior to mid-February 2013. Instead,

Defendants argue the Court should deny Plaintiff's motion on the basis that Plaintiff failed to satisfy the applicable legal standard with a declaration under penalty of perjury as to why the Plaintiff could not satisfy the Court's scheduling order. [Opp. at 3.]

The Court finds that Plaintiff has sufficiently demonstrated "good cause" to amend the scheduling order; it is uncontested that she was unable to comply with the scheduling order despite exercising due diligence. Furthermore, Plaintiff timely requested leave to amend after obtaining information implicating Verduzco, Binkerd, and Kanaski in the instant action. Defendants' argument regarding Plaintiff's alleged failure to declare under penalty of perjury why Plaintiff could not satisfy the Court's scheduling order is unpersuasive. Counsel's declaration in support of Plaintiff's motion indicates throughout that Plaintiff did not know of the proposed additional defendants' involvement until mid-February 2013. [*See* Linda Workman Decl., Doc. No. 84-2.] Because the Court finds that Plaintiff satisfies the requirements of Rule 16(b), the Court proceeds to consider the requirements of Rule 15(a).

**B.     Rule 15 Analysis**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation omitted). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th

Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). The Court considers each of these factors in turn.

### *1. Prejudice to the Opposing Party*

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1986); *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Under Rule 15(a), there is a presumption in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

Defendants argue that they will suffer prejudice should Plaintiff be permitted to file an amended complaint, because it "will start the discovery as to the individual defendants all over again." [Opp. at 4.] Defendants then incorrectly indicate that the "discovery cutoff date has been set for May 17, 2013."[2] [Opp. at 4.] Defendants also claim that allowing Plaintiff to file an amended pleading will force them to spend more time preparing a summary judgment motion, and require the City to incur additional costs in defending against the action. [*Id.*] In response, Plaintiff points out that the amended discovery cutoff date is August 1, 2013, and that trial is not scheduled to begin until February 4, 2014. Thus, Defendants will have sufficient time to conduct discovery, file motions, and prepare for trial.

The Court agrees with Plaintiff. Although allowing Plaintiff to add new defendants will require additional discovery, the amended discovery cutoff date is more than three months away. Furthermore, trial of this matter is not scheduled for

---

[2] The original discovery cutoff date was May 17, 2013. [*See* Doc. No. 34 at 2.] The Court, however, later amended this date to August 1, 2013, per the parties' request. [*See* Doc. No. 73.]

another ten months.  Thus, the Court finds that Defendants have sufficient time to conduct discovery, file motions, and otherwise defend against the action. Furthermore, while it will undoubtedly cost the City more to defend the action, this is an inherent cost in multi-party litigation, and does not amount to sufficient prejudice to warrant denial of leave to amend.  Accordingly, this factor favors amendment.

### *2.     Bad Faith*

There is no evidence that Plaintiff has acted in bad faith in seeking to amend the complaint to add Verduzco, Binkerd, and Kanaski as defendants.  Thus, this factor weighs in favor of granting Plaintiff leave to file an amended complaint.

### *3.     Futility of Amendment*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  The Ninth Circuit has held that leave to amend may be denied as futile if the statute of limitations has run. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (citations omitted).

Here, Defendants argue that amendment would be futile because all claims for relief against Verduzco and Binkerd are barred by the applicable statute of limitations.  The statute of limitations on Plaintiff's claims range from one year to three years.  Defendants argue that the sole allegations against Verduzco and Binkerd involved conduct that allegedly occurred in 2007, so that any claim filed now is barred.  Plaintiff responds that she had no cause of action against Verduzco and Binkerd until Arevalos sexually assaulted her in March 2011; before then, there was no basis for liability.

"The general rule for defining the accrual of a cause of action sets the date as the time when, under the substantive law, the wrongful act is done, or the wrongful

result occurs, and the consequent liability arises. In other words, it sets the date as the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (quotations and citations omitted). Under this rule, it appears feasible that there exists a viable theory under which the statute of limitations did not begin on Plaintiff's claims against Verduzco and Binkerd until March 8, 2011. Furthermore, it appears that Plaintiff has identified facts which would support application of California's relation-back law to deem her amended allegations filed on the date of the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(A); *Norgart*, 21 Cal. 4th at 398-99, 408-09 (explaining that the relation-back rule applicable to Doe defendants under California law can have the effect of enlarging a shorter statute of limitations period to three years).[3] Thus, it is feasible that Plaintiff's amended claims will be treated as being filed on February 9, 2012, less than one year after Plaintiff's alleged March 8, 2011 injury. Accordingly, the Court cannot say that amendment would be futile due to the relevant limitations periods.

Finally, Defendants argue that amendment would be futile because Plaintiff's proposed TAC does not state cognizable claims for relief against Verduzco, Binkerd, or Kanaski. The Court finds these arguments more properly addressed on a motion to dismiss. *See, e.g., Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than

---

[3] While Plaintiff's SAC does not name Doe defendants in the caption, it does contain fact allegations against unknown defendants in the body of the complaint. [*See* SAC ¶ 7 ("Plaintiff is informed and believes that there are other Defendants which are entities or individuals who are in some manner legally responsible for the wrongdoing alleged in this Second Amended Complaint, and were a substantial factor in causing Plaintiff's damages. Plaintiff does not know the true names of said Defendants. The names, capacities, and relationship of said Defendants will be alleged by amendment to the Second Amended Complaint when they are known."); *see also id.* ¶¶ 8, 9, 10, 11, 24, 26, 27, 28, 33, 118, 119.] As technical errors in the caption should not control over the substance of the complaint (*Rodgers v. Horsely*, 123 Fed App'x, 281, 286 (9th Cir. 2005)), the Court finds that failure to name Doe defendants in the caption does not establish that amendment would be an exercise in futility.

in an opposition to a motion for leave to amend."). Therefore, the Court declines to deny Plaintiff leave to amend due to futility.

### 4. *Undue Delay*

In assessing whether a plaintiff unduly delayed in seeking to amend its complaint, the Court examines whether the plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. As stated previously, Plaintiff was unaware of the involvement of the proposed defendants until mid-February 2013. Because Plaintiff sought to amend her pleading within a month after receiving such information, there is no evidence of undue delay. This factor thus weighs in favor of allowing leave to amend.

In sum, the Court finds that each of the relevant factors favors granting Plaintiff leave to amend.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to File a Third Amended Complaint. Plaintiff shall file her proposed Third Amended Complaint no later than *April 22, 2013*.

**IT IS SO ORDERED.**

DATED: April 18, 2013

Hon. Michael M. Anello
United States District Judge