UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                          Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                        Defendants. | Civil No.   12-cv-0689-MMA (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE PLAINTIFF JANE DOE'S AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT ANTHONY AREVALOS**<br><br>**[ECF No. 90]** |

On April 12, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute ("Joint Motion") regarding Plaintiff Jane Doe's amended notice of videotaped deposition of Defendant Anthony Arevalos. (ECF No. 90.) After a thorough review of the parties' argument and evidence, the Court issues the following Order to resolve the issues in dispute.

Plaintiff's allegations in this case are well-known to the Court and the parties. Therefore, they will not be summarized at length in this Order. Suffice it to say that Plaintiff seeks to recover compensatory and punitive damages from the City of San Diego, its police department and several current and former police officers based on a March 8, 2011 sexual

assault committed by one of the former officers, Defendant Anthony Arevalos. In November 2011, Defendant Arevalos was convicted of multiple felony and misdemeanor counts arising out of on-duty sexual assaults of various female victims, including Plaintiff. Defendant Arevalos was sentenced to more than eight years in state prison, and he is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. Defendant Arevalos has appealed his criminal convictions and the appeal remains pending before the California Court of Appeal.

The issues presently before the Court concern Plaintiff's amended notice of videotaped deposition of Defendant Arevalos' deposition. In Plaintiff's April 3, 2013 amended notice of videotaped deposition of Defendant Arevalos, Plaintiff noticed Defendant Arevalos' deposition for May 20, 2013 at Corcoran State Prison. Defendant Arevalos objects to the deposition on several grounds, to which the City Defendants join.

**A.    Leave of Court Required**

First, Defendants contend that the deposition notice is defective because Plaintiff failed to comply with Federal Rule of Civil Procedure 30(a)(2)(B)'s requirement that a deposition of a prisoner may only be taken with leave of court, which Plaintiff has not previously obtained. Rule 30(a)(2)(B) plainly requires leave of court before the deposition of an incarcerated individual may be taken. However, the rule is silent as to whether leave of court must be obtained prior to the *notice* of deposition or prior to a party beginning to coordinate the deposition with the prison's litigation coordinator. The Court need not decide these issues here. Plaintiff has, via the instant Joint Motion, sought leave of court to take Defendant Arevalos' deposition. Moreover, the Court finds good cause to permit Plaintiff to take Defendant Arevalos' deposition.[1] That the deposition was noticed and arrangements were commenced with the prison's litigation coordinator are insufficient grounds for denying Plaintiff the opportunity to depose Defendant Arevalos, particularly because now that leave of court has been obtained Plaintiff could simply re-notice the deposition for May 20, 2013.

---

[1] "Defendants do not dispute [Plaintiff's] counsel's right to depose the police officer who sexually molested Plaintiff [*i.e.*, Defendant Arevalos]." (ECF No. 90 at 4:11-13.)

1  The Court does not believe such additional steps are necessary.

2  **B.     "Confidential" Designation of Deposition Transcript and Video**

3  Second, Defendants contend that the entire transcript and video of Defendant Arevalos' deposition should be designated as "confidential" pursuant to the terms of the Court's Protective Order in this case. (*See* ECF No. 83.) Defendant Arevalos bases his request to designate the deposition as "confidential" due to concerns regarding the effect that public disclosure of his deposition testimony might have on (1) his continued personal safety while incarcerated and (2) a potential retrial following his appeal of his criminal convictions.

9  Plaintiff rejected Defendant Arevalos' previous offer to stipulate to an order for the taking of his deposition if Plaintiff would stipulate to designate the deposition as "confidential." Plaintiff argues that Defendant Arevalos has no basis for claiming a "heightened privacy status" beyond those areas already covered by the Court's Protective Order. However, the Protective Order expressly provides for "confidential" designation based upon a court order. (*Id.* at ¶ 1(b)(vi) (stating that the definition of "confidential" includes, among other things, "any other information deemed privileged or confidential pursuant to any State or Federal statute or regulation, *or any court order*.") (emphasis added).)

17 The Court agrees with Defendants that the entire transcript and video of Defendant Arevalos' deposition should be designated as "confidential" under the Protective Order. Plaintiff has expressed an intent to question Defendant Arevalos about "his access to high-level leadership on the San Diego Police Department" (ECF No. 90 at 5:15-17) and "his relationships and communications with upper brass." (*Id.* at 6:16-17.) The potential that responses to these lines of questioning may be publically disclosed, coupled with the fact that Defendant Arevalos is an imprisoned former police officer convicted of sexual assault crimes, raise concerns about possible retaliation against Defendant Arevalos and his continued safety while incarcerated.

26 Moreover, given the continued media coverage of this case, public disclosure of Defendant Arevalos' deposition testimony would create a substantial risk of tainting the potential jury pool for both the trial in this civil action as well as any potential retrial of the

criminal charges.[2]

Finally, the Court agrees with Defendants that designating the entire deposition as "confidential" will avoid forcing the parties to otherwise engage in what is likely to be a burdensome and unmanageable effort to designate numerous portions of the deposition as "confidential."

Plaintiff argues that designation of the deposition as "confidential" would impede or interfere with her ability to prepare the case for trial. The Court disagrees. As discussed above, Plaintiff is entitled to take Defendant Arevalos' deposition. The fact that the deposition will be protected as "confidential" under the Protective Order does not impose limits on her ability to question Defendant Arevalos. It merely prevents subsequent public disclosure of the deposition testimony. While the Court understands the public's interest in the outcome of this case, Plaintiff has no need to publically disclose the deposition testimony in order to prepare for trial. Importantly, the Court's designation of the deposition as "confidential" does not prevent Plaintiff from later challenging the designation and seeking a court order re-designating the deposition transcript, or portions thereof, pursuant to Paragraph 11 of the Protective Order. In addition, the Court's designation does not relieve any party from the requirement that leave of court be given prior to filing any documents under seal.

In conclusion, pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court finds that the entire transcript and videotape of Defendant Arevalos' deposition shall be designated and treated as "confidential" under the terms of the Court's prior Protective Order.

**C.   Sequence of Discovery**

Defendants contend that because Defendant Arevalos' appeal of his criminal conviction remains pending, his deposition should be scheduled to occur near the close of

---

[2] Although both sides assert arguments regarding the scope of Defendant Arevalos' Firth Amendment privilege against self incrimination and the manner in which he should claim that privilege, the Court views the issue of whether to designate the deposition as "confidential" as a separate issue. Moreover, it is premature at this stage to decide the appropriateness of Fifth Amendment objections that Defendant Arevalos has not yet made.

discovery after other depositions have occurred because if the parties are able to reach a settlement following these other depositions, his deposition will not be necessary, thereby avoiding potential issues due to his pending criminal appeal. Defendant Arevalos claims that he will otherwise be placed in an "untenable" and "oppressive" position.

However, as recognized by District Judge Michael M. Anello when denying Defendants' motion to stay, the possibility of a retrial of the criminal charges "appears remote," and Defendant Arevalos' Fifth Amendment rights are only minimally implicated in this case. (ECF No. 50 at 4:2-14.)

Additionally, "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." FED. R. CIV. P. 26(d)(2). The Court does not believe that the potential for settlement following the completion of other depositions constitutes good cause to postpone Defendant Arevalos' deposition beyond the May 20, 2013 date upon which it has been noticed. The close of discovery, which was already extended once from May 17, 2013 to August 1, 2013 per the parties' request (*see* ECF No. 73) is fast approaching. Moreover, the parties' expert disclosures are due on June 14, 2013, less than one month after Defendant Arevalos' scheduled deposition. (*See id.*) The Court agrees with Plaintiff that she should be entitled to take Defendant Arevalos' deposition on the date noticed in the amended notice of deposition.

**D.   Court's Availability on May 20, 2013**

Plaintiff has requested that the Court make itself availability on the date of Defendant Arevalos' deposition in the event disputes arise during the course of the deposition. At the present time, the Court has two separate settlement conferences scheduled on May 20, 2013. However, the parties are encouraged to contact the Court during the deposition if the need arises, and the Court will attempt to make itself available. The parties shall comply with Section IV(B) of the undersigned's Civil Chambers Rules.

/ / /

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Good cause having been shown, the parties may depose Defendant Anthony Arevalos on May 20, 2013, beginning at 8:00 a.m., at the California Substance Abuse Treatment Facility and State Prison, 900 Quebec Avenue, Corcoran, California 93212. The deposition may be videotaped.

2. The entire transcript and videotape of Defendant Arevalos' May 20, 2013 videotaped deposition shall be designated as "confidential" pursuant to the Court's March 8, 2013 Protective Order. (ECF No. 83.)

**IT IS SO ORDERED.**

DATED: April 22, 2013

DAVID H. BARTICK
United States Magistrate Judge