UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Civil No.   12-cv-0689-MMA (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE DEFENDANTS' SUBPOENA TO CELLCO PARTNERSHIP DBA VERIZON WIRELESS**<br><br>**[ECF No. 99]** |

On April 24, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute ("Joint Motion") regarding Defendant City of San Diego's[1] subpoena to non-party Cellco Partnership dba Verizon Wireless (hereinafter, "Verizon"). (ECF No. 99.) After a thorough review of the parties' arguments and evidence, the Court issues the following Order to resolve the issues in dispute.

## BACKGROUND

Plaintiff's allegations in this case are well-known to the Court and the parties. Therefore, they will not be summarized at length in this Order. Suffice it to say that Plaintiff seeks to recover compensatory and punitive damages from the City of San Diego, its police

---

[1] Defendants City of San Diego, San Diego Police Department, Kevin Friedman, David Bejarano, William Lansdowne, Danny Hollister and Rudy Tai are represented by the Office of the City Attorney and are collectively referred to herein as "the City."

department and several current and former police officers based on a March 8, 2011 sexual assault committed by one of the former officers, Defendant Anthony Arevalos. In November 2011, Defendant Arevalos was convicted of multiple felony and misdemeanor counts arising out of on-duty sexual assaults of various female victims, including Plaintiff. Defendant Arevalos was sentenced to more than eight years in state prison, and he is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. Defendant Arevalos has appealed his criminal convictions and the appeal remains pending before the California Court of Appeal.

## DISCUSSION

The dispute presently before the Court concerns the City's April 9, 2013 subpoena to Verizon. The subpoena requested "any and all records" for Plaintiff's cellular phone number, and stated: "We need whole account history, from start to present, including texts, content of texts and Blackberry Instant Messages: BBIMs." (ECF No. 99-4 at 6.)[2]

**A.    Parties' Arguments**

Plaintiff objects to the subpoena on several grounds. Plaintiff argues that she "clearly needs protection against Defendants' overbroad subpoena. The subpoena is in violation of her right of privacy under the First Amendment, as well as the privacy rights of individuals who communicate with her via wireless phone, text or instant message." (ECF No. 99 at 3:12-15.) Plaintiff further argues that "[t]he subpoena also seeks privileged and protected communications, and is geared to burden and oppress Plaintiff and the third parties with whom she communicates." (*Id.* at 3:15-17.) Plaintiff further argues that the confidentiality of her customer information is protected by 47 U.S.C. § 222 and California Public Utility Code §§ 2891-2894.1, statutes that "forbid the release of customer information except by consent of the customer or as required by law." (*Id.* at 3:17-22.) Regarding consent, Plaintiff argues that although she agreed to disclose her wireless, text and instant message communications she sent and received in the days immediately following Defendant

---

[2] Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system.

1  Arevalos' sexual assault of Plaintiff, her cooperation with law enforcement's investigation
2  of the assault was limited and should not open the door for Defendants to obtain communica-
3  tions beyond the several days during which Plaintiff cooperated with law enforcement. (*Id.*
4  at 3:23-4:14.) Further, Plaintiff argues that any relevant information contained within her
5  phone records were already provided to the City of San Diego in connection with her
6  cooperation. Thus, the City already has possession of the relevant records. (*Id.* at 4:14-20.)
7  Finally, Plaintiff argues that the City is "unable to establish the direct relevance of the
8  information sought and unable to justify the disregard of not only [Plaintiff's] privacy rights,
9  but the privacy rights of any third parties from whom she has received or to whom she has
10 sent a wireless communication. These privacy rights would extend to Plaintiff's attorneys,
11 with whom she has the additional protection of privilege." (*Id.* at 5:6-11.) Plaintiff requests
12 that the "subpoena be quashed, or in the alternative, a protective order be issued limiting the
13 subpoena to phone, text and BBIM messages from March 8, 2011 to March 10, 2011 only."
14 (*Id.* at 5:21-23.)

15  The City opposes Plaintiff's request that the subpoena be quashed or that a protective
16 order be issued. The City argues that it is entitled to Plaintiff's cell phone records pursuant
17 to 47 U.S.C. § 222 and California Public Utilities Code §§ 2891-2894.10. (*Id.* at 5:25-27.)
18 The City also contends the cell phone records it seeks are "highly relevant and not protected
19 by a legitimate privacy interest." (*Id.* at 6:10-11.) As to relevance, the City asserts:
20 "Plaintiff concedes that she spoke with several individuals via phone and text message after
21 the subject incident, including many people with whom she discussed the facts of the
22 incident and whether or not she could still be prosecuted for violating Vehicle Code section
23 23152(a)/(b). The City is entitled to obtain that information as part of its defense." (*Id.* at
24 6:17-21.) Finally, the City argues Plaintiff "has waived much of her privacy protections and
25 placed her potentially 'private' communications directly at issue" by filing this lawsuit. (*Id.*
26 at 6:22-28.)
27 / / /
28 / / /

**B.     Analysis**

    **1.     Standing**

Although the parties' do not include any discussion regarding whether Plaintiff has standing to move to quash the City's subpoena to a non-party, the Court believes a brief discussion is warranted. "As a general proposition, a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *In re REMAC, Inc. Sec. Litig.*, No. 04cv1948 JLS (AJB), 2008 U.S. Dist. LEXIS 47412, at *1 (S.D. Cal. May 30, 2008) (citing *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004)); *see also Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. 2010) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (citations omitted); *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, No. CV 05-3444 PSG (MANx), 2008 U.S. Dist. LEXIS 106382, at *3 (C.D. Cal. Nov. 17, 2008) ("[A] party has standing to move to quash a subpoena only if it alleges that the information sought is privileged or the subpoena subjects the moving party to undue burden.") (citations omitted). Here, as stated above, Plaintiff has asserted a privacy interest in the records sought by the City's subpoena. Accordingly, the Court concludes that Plaintiff has standing to move to quash the subpoena.[3]

    **2.     The Stored Communications Act**

Neither Plaintiff nor the City address the federal statute that governs disclosure of text message content. The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712, which comprises part of the Electronic Communications Privacy Act of 1986, generally prohibits "'providers' of communication services from divulging private communications to certain entities and/or individuals." *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d

---

[3] The Court's conclusion that Plaintiff has standing is not altered by the fact that the Court ultimately does not resolve Plaintiff's privacy objections, as discussed below.

892, 900 (9th Cir. 2008), rev'd on other grounds by *City of Ontario, Cal. v. Quon*, ___ U.S. ___, 130 S. Ct. 2619 (2010) (reversing on Fourth Amendment grounds only). "The SCA provides different prohibitions depending on whether the communications provider is classified as an 'electronic communication service' or a 'remote computing service.'" *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) (quoting 18 U.S.C. § 2702(a)). According to the Ninth Circuit, "wireless communications providers such as [Verizon] are properly classified as an 'electronic communication service.'" *Id.* (citing *Quon*, 529 F.3d at 901); *see also Quon*, 529 F.3d at 901-03.

Thus, under the SCA, Verizon "must comply with the rules applicable to electronic communication services and 'shall not knowingly divulge to any person or entity the *contents* of a communication while in electronic storage by that service,' 18 U.S.C. § 2702(a)(1), unless one of the specifically enumerated exceptions in 18 U.S.C. § 2702(b) apply." *Id.* (emphasis added). Here, the Court finds that none of the exceptions listed in 28 U.S.C. § 2702(b) apply.[4] Indeed, it does not appear that the City is an addressee or recipient

---

[4] 28 U.S.C. § 2702(b) states:

> Exceptions for disclosure of communications. A provider described in subsection (a) may divulge the contents of a communication--
> (1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;
> (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title [18 U.S.C. § 2517, 2511(2)(a), or 2703];
> (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;
> (4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;
> (5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;
> (6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A [18 U.S.C. § 2258A];
> (7) to a law enforcement agency--
>    (A) if the contents--
>       (i) were inadvertently obtained by the service provider; and
>       (ii) appear to pertain to the commission of a crime; or
>    (B) [Deleted]
> (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury

of any of Plaintiff's communications except for those communications occurring from March 8, 2011 through March 10, 2011 while Plaintiff was cooperating with law enforcement in the days immediately following Defendant Arevalos' sexual assault of Plaintiff. However, to the extent the City of San Diego or any of its agents were addressees or intended recipients of Plaintiff's communications (*e.g.*, Plaintiff's text messages to Defendant Arevalos arranging for pretext phone calls), "Defendants would already have possession of the text messages and would not need to subpoena them." *Mintz*, 885 F. Supp. 2d at 993. Moreover, the City does not have Plaintiff's consent, and it does not appear that the City has the consent of those individuals with whom Plaintiff communicated. The remaining § 2702(b) exceptions are plainly not applicable.

Importantly, "[t]he SCA does not contain an exception for civil discovery subpoenas." *Mintz*, 885 F. Supp. 2d at 991 (citing *Crispin*, 717 F. Supp. 2d at 976 (rejecting argument that the SCA permits the disclosure of the contents of communications pursuant to a civil discovery subpoena); *Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008) ("[A]s noted by the courts and commentators alike, § 2702 lacks any language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order."); *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (holding that the "§ 2702 contains no exception for disclosure of such communications pursuant to civil discovery requests"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1447 (Cal. Ct. App. 2006) ("Since the [SCA] makes no exception for civil discovery and no repugnancy has been shown between a denial

---

to any person requires disclosure without delay of communications relating to the emergency.

of such discovery and congressional intent or purpose, the Act must be applied, in accordance with its plain terms, to render unenforceable the subpoenas seeking to compel Kraft and Nfox to disclose the contents of e-mails stored on their facilities.")). Moreover, "the absence of any exception for civil discovery subpoenas in the text of the statute should be construed as intentional." *Id.* at 992 n.3 (citing *Crispin*, 717 F. Supp. 2d at 975).

Accordingly, the Court concludes that the SCA prohibits Verizon from disclosing the content of any text messages or BBIMs sought by the City's subpoena.

In contrast to the content of electronic communications, the SCA permits electronic communication service providers to "divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) . . . to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6). In other words, the SCA prohibits disclosure of so-called "subscriber information" (*e.g.*, the date, time, originating and receiving telephone number, and duration for incoming and outgoing calls) to governmental entities. The SCA defines the term "governmental entity" as "a department or agency of the United States or any State or political subdivision thereof." 18 U.S.C. § 2711(4). Here, Defendants City of San Diego and the San Diego Police Department are clearly "governmental entities" within the meaning of the SCA. The subpoena at issue was also issued by non-governmental defendants Friedman, Bejarano, Lansdowne, Hollister and Tai who are not "governmental entities." However, they are represented by the Office of the City Attorney, a "governmental entity." Accordingly, the SCA prohibits Verizon from disclosing Plaintiff's "subscriber information" to the City's counsel of record.[5]

In conclusion, the Court concludes that the SCA prohibits Verizon from disclosing any of the records sought by the City's subpoena. However, "the SCA does not prevent Defendants from obtaining this information through other means." *Mintz,* 885 F. Supp. 2d

---

[5] The SCA does allow governmental entities to obtain both subscriber information and the content of communications in certain situations that the Court deems not applicable here. *See* 18 U.S.C. § 2703; *FTC v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 560-61 (N.D. Cal. 2000) (concluding that pretrial discovery subpoenas for production of documents in a civil action under Federal Rule of Civil Procedure 45 do not provide a basis for "government entities to make an end-run around the [SCA's] protections.").

at 994 (citing *Flagg*, 252 F.R.D. at 366). As discussed at length in *Mintz*, the City is permitted to seek Plaintiff's cell phone records by serving a request for production of documents pursuant to Federal Rule of Civil Procedure 34. *Id.* at 994. Moreover, "documents reflecting the content of Plaintiff's text messages are within [her] 'control' because [she] has the 'the legal right to obtain [these] documents on demand'" from Verizon based on her position as the "addressee, "intended recipient" and/or "originator" of the communications. *Id.* (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)) (citing 18 U.S.C. § 2702(b)(2); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009)). Given the Court's conclusion herein, it is premature to address Plaintiff's objections, including those based on the relevance of the requested documents and upon privacy grounds. Plaintiff may raise these and other objections to any Rule 34 document request.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the City's subpoena to Verizon is **QUASHED**. IT IS FURTHER ORDERED that counsel for the City shall serve Verizon with a copy of this Order on or before **June 4, 2013**.

**IT IS SO ORDERED.**

DATED: May 28, 2013

DAVID H. BARTICK
United States Magistrate Judge