Joseph G. Dicks (SBN 127362)
Linda G. Workman (SBN 128621)
DICKS & WORKMAN ATTORNEYS AT LAW, APC
750 B Street, Suite 2720
San Diego, California 92101
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
Email: jdicks@dicks-workmanlaw.com
       lworkman@dicks-workmanlaw.com

Daniel K. Balaban (SBN 243652)
Andrew J. Spielberger (SBN 120231)
BALABAN & SPIELBERGER, LLP
11999 San Vicente Boulevard, Suite 345
Los Angeles, California 90049
Telephone: (424) 832-7677
Facsimile: (424) 832-7702
Email: daniel@dbaslaw.com.com
       andrew@dbaslaw.com.com

Browne Greene (SBN 38441)
GREENE BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
P.O. Box 2131
Santa Monica, CA 90407-2131
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
Email: bgreene@greene-broillet.com

Holly N. Boyer (SBN 221788)
ESNER, CHANG & BOYER
234 East Colorado Boulevard, Suite 750
Pasadena, CA 91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859
Email: hboyer@ecbappeal.com

Attorneys for JANE DOE, Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUPPLEMENTAL BRIEF | *Doe v. City of San Diego, et al.*<br>Case No. 12-cv-00689-MMA (DHB) |

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.<br><br>　　Defendants. | Case No. 12-cv-00689-MMA (DHB)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF JANE DOE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　February 25, 2014<br>Time:　　2:30 p.m.<br>Courtroom: 3A<br>Judge Michael M. Anello |

Plaintiff Jane Doe hereby submits this Supplemental Brief in support of her Motion for Partial Summary Judgment, as follows:

### I. ON FEBURARY 18, 2014, THE *REMITTITUR* WAS ISSUED IN AREVALOS' CRIMINAL CASE AND THUS THE CRIMINAL CONVICTION AGAINST AREVALOS MAY BE USED AS COLLATERAL ESTOPPEL AS TO HIS ASSAULT AND BATTERY OF PLAINTIFF JANE DOE

On February 18, 2014, the Court of Appeal Fourth District issued the remittitur in Officer Arevalos' criminal appeal. (See Exhibits CC and DD, Court of Appeal Opinion and Remittitur, respectively, attached to the Second Supplemental Notice of Lodgment filed concurrently herewith.) As the criminal conviction against Officer Arevalos is ***now final***, the conviction may be used as *collateral estoppel* as to his assault and battery of Plaintiff Jane Doe.

In determining the preclusive effects of a judgment obtained in a prior state court proceeding, "federal courts apply the collateral estoppel rules of the state from which the judgment arose." *Garrett v. City and County of S.F.*, 818 F.2d 1515, 1520 (9th Cir.1987). Under California law, the principles of collateral estoppel mandate that any issue necessarily decided by a court of competent jurisdiction in a criminal proceeding is conclusively determined as to the parties or their privies if it is involved in a subsequent civil action. See *Zevnik v. Superior Court*, 159 Cal.App. 4th 76, 82 (2008); *Miller v. Superior Court of Los*

*Angeles County*, 168 Cal.App.3d 376, 381 (1985); see also *Mueller v. J. C. Penney Co.* 173 Cal. App. 3d 713, 719 (1985) (a pending habeus writ *does not* prevent use of collateral estoppel).

Officer Arevalos, a defendant in this action, is absolutely precluded from relitigating the issues concerning his assault and battery of Plaintiff in this action. As such, Defendant City of San Diego will also be precluded from relitigatating the criminal conviction. (See *Miller, supra*, 168 Cal.App.3d 376, 382-386 (1985) (Court issued a writ of mandate directing the respondent superior court to vacate its order denying the plaintiff's motion for summary adjudication; the plaintiff, a victim of a rape committed by a police officer who had been employed by the City, sought adjudication on the issue of rape in the underlying civil action and the court held that the criminal conviction of the officer *collaterally estopped the city* from arguing that against the rape.); *Taylor v. Ron's Liquors, Inc.*, C 10-00694 SI, 2011 WL 4634091, *3-5 (N.D. Cal. Oct. 6, 2011) (conditionally granting plaintiff's motion for summary judgment of liability on the claims of sexual battery and battery alleged against defendant on theory that those claims have been *conclusively established* by defendant's criminal conviction for the rape of plaintiff; the defendant is collaterally estopped from relitigating the issue of plaintiff's consent)).

*Miller* involved facts starkly similar to those here. *Miller* was a civil lawsuit for damages against a Los Angeles Police Department officer who had previously been convicted of having raped the plaintiff-victim. *Miller*, at 382-386. Because the officer was a party to that proceeding, he was precluded from relitigating the jury's verdict finding him guilty. Although the City of Los Angeles was *not a party* to the criminal proceeding, the *Miller* Court held that it was collaterally estopped from litigating the issue whether the officer had raped the plaintiff-victim. *Id.*; see also *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 605 (plaintiff corporations (who were alter ego of

corporate president), who had been convicted in criminal proceedings of theft and filing a fraudulent insurance claim, sued the defendant insurers to recover for the same loss which had been involved in the criminal proceedings; California Supreme Court held that collateral estoppel defeated the plaintiffs' action, since the jury's verdict against the corporate president necessarily found against the plaintiffs on the issue of how the loss occurred.)[1]

Dated: February 24, 2014

DICKS & WORKMAN
ATTORNEYS AT LAW, APC

By:   */s/  Linda G. Workman*
Linda G. Workman,
Attorneys for JANE DOE, Plaintiff

---

[1] It is noteworthy that in its opposition to Plaintiff's motion for summary judgment, Defendant argued *only* that "Plaintiff cannot rely on principles of *res judicata* to conclusively establish that a sexual assault occurred" since the conviction is not yet "final." (City's Opp. 1, 15-18.) Since the criminal action is final, Defendant's objection to application of collateral estoppel fails.