UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                            Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                            Defendants. | CASE NO. 12-cv-689-MMA-DHB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND UNSEAL COURT RECORDS**<br><br>[Doc. No. 327] |

On March 12, 2014, six local media entities[1] (the "Media") filed a Motion to Intervene and Unseal Records. Doc. No. 327. Defendant City of San Diego opposes the Media's request to unseal records. Upon careful consideration of the parties' arguments, the Court **GRANTS in large part** the Media's motion.

## BACKGROUND

This action arises out of a March 8, 2011 incident in which Plaintiff Jane Doe ("Plaintiff" or "Doe") was sexually assaulted and battered by San Diego Police Department Officer Anthony Arevalos. As a result of Arevalos' acts, Plaintiff filed this civil rights lawsuit against Arevalos, the City of San Diego, and nine of Arevalos' past supervisors in the police force.[2]

---

[1] U-T San Diego, Voice of San Diego, KFMB News 8, Fox 5, KGTV 10, and NBC 7.

[2] The supervisors have since been dismissed from this action. *See* Doc. No. 330.

On March 8, 2013, Magistrate Judge David H. Bartick issued a protective order, permitting the parties, upon receiving leave of court, to file "Confidential" documents under seal. According to the protective order, "Confidential" refers to:

> (i) any information contained within a peace officer personnel file; (ii) the address, phone and license number of any peace officer; (iii) the name, address, phone, license number, photo or likeness of any sexual assault victim; (iv) the private financial information, including the social security number of any party or witness; (v) the private medical information, including psychiatric or psychological information, of any party or witness; (vi) any other information deemed privileged or confidential pursuant to any State or Federal statute or regulation, or any court order; and (vii) anything that the parties mutually agree should be classified as such.

Protective Order, Doc. No. 83. Pursuant to the protective order, a number of pleadings and documents in this matter have been filed under seal.

As a result, the Media now seeks to intervene for the limited purpose of unsealing all documents filed in conjunction with any dispositive motion adjudicated by the Court. The Media contends that the case involves substantial public interests and that compelling reasons do not exist to keep case records under seal. The City of San Diego, joined by Defendant Arevalos, opposes the Media's request, arguing that any denial of access to confidential information is based upon a compelling reason. Plaintiff Jane Doe does not oppose the Media's motion, so long as her identity and identifying information is redacted prior to access by or release to the public.

## DISCUSSION

### A. Motion to Intervene

The Ninth Circuit has recognized that non-parties seeking access to judicial records in a civil case may do so by seeking permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2). *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *Id.* Defendants do not oppose intervention.

Ordinarily, an applicant seeking permissive intervention under Rule 24(b)(2) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Id.* (internal quotation omitted). In cases involving a challenge of a protective order, however, an applicant need not have an independent ground for jurisdiction or share a question of law or fact in common with the main action. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473–74 (holding that independent jurisdictional basis and strong nexus of fact or law are not required where intervenor merely seeks to challenge a protective order); *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) ("[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion."). Moreover, the Court finds that the Media's intervention request is timely and will not prejudice the proceedings. Accordingly, the Court **GRANTS** the Media's motion to intervene.

### B. Motion to Unseal

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Oliner v. Kontrabecki*, -- F. 3d. --, 2014 WL 1088254, at *1 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (amended opinion)). However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Id.* (citing *Pintos*, 605 F.3d at 678).

Here, the Media seeks to unseal "court records that have been filed in support of dispositive motions adjudicated by this Court, including motions for summary judgment." Reply Brief at 1. The Court has adjudicated three dispositive motions thus far in this action: (1) the Supervisor Defendants' motion for summary judgment (Doc. No. 191); (2) the City of San Diego's motion for partial summary judgment (Doc. No. 201); and (3) Plaintiff's motion for partial summary judgment (Doc. No. 202).[3] Accordingly, the Court will consider whether Defendants have articulated "compelling reasons" for sealing documents filed in relation to these motions. The Court, however, will first briefly outline the two major arguments posed by the City in opposition to unsealing the documents.

**Information From Peace Officer Personnel Files**

The City's primary objection to the unsealing of the record invokes California Penal Code section 832.7, which provides:

> Peace officer or custodial officer personnel records[4] and records

---

[3] The Court's orders on these motions appear on the docket at document numbers 328, 330, 334.

[4] Section 832.8 defines "personnel records" as:

> any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:
>
> (a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information.
>
> (b) Medical history.
>
> (c) Election of employee benefits.
>
> (d) Employee advancement, appraisal, or discipline.
>
> (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.
>
> (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

Cal. Penal Code § 832.7.

However, section 832.7 does not serve as an automatic shield from disclosure in federal court. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (1987) ("This court has held that personnel files are discoverable in federal question cases . . . despite claims of privilege"). Rather, the City must still demonstrate compelling reasons to seal the documents. *See Kamakana*, 447 F.3d at 1178 (rejecting claim that documents relating to "law enforcement" and "official information privileges" are categorically exempt from the compelling interest test). In general, "compelling reasons . . . exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations and citation omitted).

### **Official Information Privilege**

The City's secondary argument against unsealing documents relates to the official information privilege. This privilege stems from federal common law, *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990), and is neither automatic nor absolute. Instead, "[t]o determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033–34. The balancing test "is moderately pre-weighted in favor of disclosure." *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).

**1.   Documents Filed Under Seal Pursuant to Doc. No. 209**

A number of documents were filed under seal pursuant to the Court's order contained in document number 209. The Court will examine each in turn to determine whether compelling reasons exist to keep the documents under seal.

**The City's Documents Filed Under Seal**

Exhibit 15 contains deposition excerpts from the deposition of "MP." The City concedes that this document may be unsealed provided that MP's name is redacted. Accordingly, the Court orders that Exhibit 15 be unsealed, excepting MP's true name.

Exhibit 30 is an SDPD Complaint Control form relating to the Jane Roe incident. The Court notes that the identifying information in this exhibit is already redacted. Moreover, the information contained within this document has already been publicly disclosed. For these reasons, the Court concludes that Exhibit 30 should be unsealed.

Exhibit 39 contains excerpts from Defendant Anthony Arevalos' deposition. This document was originally placed under seal due to concerns regarding the effect that public disclosure of his testimony might have on (1) Arevalos' continued personal safety while incarcerated; and (2) a potential retrial following his appeal of his criminal convictions. The Court finds these concerns speculative, at best, not compelling. Accordingly, Exhibit 39 shall be unsealed.

The declaration of Margaret Mendez identifies peace officer information obtained directly from her review of various officer personnel files. Many of the officers listed play minor, if any, roles in the litigation of this case. Accordingly, the Court finds that the officer's privacy interests in avoiding disclosure of excerpts of their personnel files is a compelling reason to seal Ms. Mendez's declaration. However, Ms. Mendez's declaration also contains information regarding Defendant Arevalos which the Court finds should not be placed under seal. Accordingly, the Court orders that a redacted form of Ms. Mendez's declaration be docketed. Any statements about officers other than Defendant Arevalos shall be redacted.

The declaration of Daniel Cerar contains details surrounding the investigation of the Jane Roe matter. Upon review, there is no compelling reason to maintain this document under seal. The declaration does not identify Jane Roe and otherwise

contains information already revealed to the public.  Accordingly, Daniel Cerar's declaration shall be unsealed.

The declaration of Executive Assistant Chief David Ramirez contains general information about the Internal Affairs Unit and the Jane Roe investigation.  Beyond citing Sections 832.7 and 832.8, the City provides no reason why this declaration should remain sealed.  Upon review, the Court finds that Ramirez's declaration includes no information which could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.  Accordingly, David Ramirez's declaration shall be unsealed.

The City of San Diego's memorandum of points and authorities in support of its motion for summary judgment, and concomitant separate statement of facts, shall be unsealed, excepting any information contained within Ms. Mendez's declaration which the Court previously determined should remain under seal.

**Plaintiff's Documents Filed Under Seal**

Exhibit F contains a transcript of the deposition of Lori Adams.  The parties agree that no compelling reason exists to keep this document under seal.  Accordingly, Exhibit F shall be unsealed.

Exhibit I is a psychological report of Defendant Arevalos conducted by Dr. Nicole Friedman.  The exhibit contains the personal medical information of Defendant Arevalos.  Moreover, the exhibit was entirely irrelevant to the Court's determination of the summary judgment motions.  Based on the highly personal information contained within the document, and its irrelevance to this matter, the Court finds compelling reasons to seal Exhibit I.

Exhibit R contains excerpts from the deposition of Defendant Arevalos.  As discussed previously, no compelling reasons exist to keep Arevalos' deposition under seal.  Accordingly, Exhibit R shall be unsealed.

  **2. Documents Filed Under Seal Pursuant to Doc. No. 232**

Document number 232 permitted Plaintiff Jane Doe to filed various

documents under seal in support of her oppositions to the summary judgment motions filed by the City and the Supervisor Defendants.

Exhibit B-1 contains records pertaining to the investigations of the Jane Doe and Jane Roe matters. Much of the information comes in the form of officer interviews. Upon review of the document, the Court finds that it does not divulge the private personnel information of any officer. However, the document does divulge "MP's" true name. Accordingly, the Court orders this identifying information redacted and Exhibit B-1 unsealed.

Exhibits B-10 and B-11 contain transcripts of an interview of Sgt. Kevin Friedman during the Jane Roe investigation. The City contends this evidence should be sealed because it is inadmissible hearsay. Regardless of the admissibility of the documents, the Court is not persuaded that compelling reasons exist to keep these document sealed. Indeed, the documents largely discuss facts already in the public record. However, the documents do divulge Jane Roe's true name. Accordingly, the Court orders her name redacted and Exhibits B-10 and B-11 unsealed.

Exhibit F contains excerpts from the deposition of Lori Adams. As discussed previously, this document shall be unsealed.

Exhibit I contains the report of psychologist Dr. Nicole Friedman. As discussed previously, this document shall remain sealed.

Exhibit R contains excerpts from the deposition of Defendant Arevalos. As discussed previously, this document shall be unsealed.

Exhibit W contains excerpts from the deposition of Lt. Timothy Saelens. Therein, Lt. Saelens discusses information that was irrelevant to resolution of the motions for summary judgment. Moreover, the information divulges private information from the personnel files of officers not related to this action. Accordingly, the Court finds this exhibit of the kind that would "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *See Kamakana*, 447 F.3d at 1179. Exhibit W shall remain sealed.

Exhibit X contains excerpts from the deposition testimony of Lt. Rudy Tai. His testimony relates to information already in the public record. Accordingly, there is no compelling reason to keep Lt. Tai's testimony under seal. Exhibit X shall be unsealed.

Exhibit Z contains excerpts from the deposition testimony of Executive Assistant Chief David Ramirez. This document contains no sensitive information that compels secrecy. Accordingly, Exhibit Z shall be unsealed.

Exhibit FF contains excerpts from the deposition of Det. Stacee Botsford. The entirety of Det. Botsford's testimony pertains to incidents already in the public record, whether in this case or otherwise. Thus, the Court finds no compelling reason to keep this document under seal. Exhibit FF shall be unsealed.

Exhibit HH contains excerpts from the deposition of Chief Robert Kanaski. Upon review, the Court finds that no sensitive information is disclosed in this document, and thus orders Exhibit HH unsealed.

Exhibit II contains excerpts from the deposition of Kevin Friedman. Upon review, the Court finds that the deposition testimony does not contain information necessitating sealing the document. However, the exhibit attached to the deposition testimony was retrieved directly from Friedman's personnel file and contains sensitive, personal information. Accordingly, the Court concludes that compelling reasons exist to keep the attachment to Exhibit II under seal, while the deposition testimony itself shall be unsealed.

Exhibit OO contains the expert report of Dr. Robert W. Taylor. Dr. Taylor's report is replete with references to information from officer personnel files, and contains opinions which are largely irrelevant to this action. The Court finds that Dr. Taylor's report, if unsealed, could result in improper use for scandalous or libelous purposes and thus orders that it remain under seal.

Exhibit PP contains the expert report of Jeffery Noble. For largely the same reasons stated with respect to the expert report of Dr. Taylor above, the Court finds

that compelling reasons exist to keep Mr. Noble's report under seal.

Exhibit GGG contains the expert report of Dr. Fran Gengo. The City concedes that this exhibit may be unsealed.

Exhibit VVV contains excerpts from the deposition of MP. The City concedes that if MP's name is redacted, this exhibit may be unsealed.

Exhibit ZZZ contains Jeffrey Noble's supplemental expert report. For the reasons stated previously with respect to Mr. Noble's original expert report, the Court finds compelling reasons exist to keep this document under seal.

Exhibit GGGG contains Dr. Robert Taylor's supplemental expert report. For the reasons stated previously with respect to Dr. Taylor's original expert report, the Court finds compelling reasons exist to keep this document under seal.

Exhibit JJJJ contains a memorandum from Chief David Bejarano. The City contends this document falls within the official information privilege. It cites the Declaration of Executive Assistant Chief David Ramirez for this proposition. However, the City includes no particular arguments pertaining to Exhibit JJJJ specifically that would require it to be filed under seal. Upon review, the Court finds Exhibit JJJJ benign and incapable of causing any damage to the City's affairs. Accordingly, Exhibit JJJJ shall be unsealed.

Exhibit LLLL contains the personnel file of Defendant Arevalos. As this exhibit contains the entirety of Arevalos' file, including sensitive, irrelevant information, the Court finds compelling reasons exist to keep Exhibit LLLL under seal.

Finally, all memoranda and statements of fact filed under seal pursuant to Doc. No. 232 shall be unsealed, excepting those portions which contain information the Court ordered to remain under seal above.

**3.     Documents Filed Under Seal Pursuant to Doc. No. 240**

Document number 240 permitted Plaintiff Jane Doe to file two additional documents under seal in support of her opposition to the City's summary judgment

motion. The Court finds that both of these documents contain sensitive information involving unrelated SDPD personnel of the sort that would "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Thus, the Court finds there is a compelling reason to keep these documents under seal.[5]

### 4.  Document Filed Under Seal Pursuant to Doc. No. 256

Document number 256 permitted Plaintiff to file an SDPD Internal Affairs Investigation Report under seal (Exhibit AA). The City now contends that the document should remain under seal pursuant to section California Penal Code section 832.7 and the official information privilege. Upon review of the document, the Court finds that the report largely echoes the well-known facts surrounding Defendant Arevalos' encounter with Jane Doe. Thus, the Court finds no compelling reason to keep the report under seal. However, the Court notes that Jane Doe's identity is revealed, in part, on page 0370. This reference to her identity shall be redacted; otherwise Exhibit AA in its present form (complete with existing redactions of Jane Doe's identity) shall be unsealed.

### 5.  Documents Filed Under Seal Pursuant to Doc. No. 257

Document number 257 permitted the City to filed a reply brief and opposition to Plaintiff's separate statement of facts under seal. The only redacted portion of the reply brief relates to the MP incident, but does not reveal MP's true name. Accordingly, based on previously findings throughout this order, the City's reply brief shall be unsealed in its entirety.

Similarly, the City's opposition to Plaintiff's separate statement of facts should be unsealed. It redacts only information which the Court previously found to not warrant secrecy, or information already in the public record.

### 6.  Document Filed Under Seal Pursuant to Doc. No. 258

---

[5] The City also contends that Exhibit RRRR should remain under seal; however, this exhibit was never filed under seal and has been in the public record since December 18, 2013.

Document number 258 permitted the Supervisor Defendants to file under seal an unredacted version of their response to Plaintiff's separate statement of facts. This document shall be unsealed, as it contains no sensitive information.

**7. Documents Filed Under Seal Pursuant to Doc. No. 273**

Document number 273 permitted Plaintiff to file a variety of documents under seal in support of Plaintiff's opposition to the City's motion for summary judgment. These documents were not considered by the Court in determining the City's summary judgment motion. In light of the minimal relevance and sensitive information contained therein, the Court finds compelling reasons exist to maintain these documents under seal. *See Kamakana*, 447 F.3d at 1178 ("[C]ompelling reasons . . . exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

**8. Documents Filed Under Seal Pursuant to Doc. No. 335**

Document number 335 permitted Plaintiff to filed the declaration of "DB" under seal. The City does not object to the unsealing of this document. Accordingly, the declaration of "DB" shall be unsealed.

**CONCLUSION**

For the reasons stated above, the Court orders the unsealing of the majority of documents filed in conjunction with the summary judgment motions previously decided by this Court. Specifically:

The following documents referenced in document number 209 shall be **unsealed**:

- Exhibit 30
- Exhibit 39
- Declaration of Daniel Cerar
- Declaration of Assistant Chief David Ramirez
- Plaintiff's Exhibit F

- Plaintiff's Exhibit R

The following documents referenced in document number 209 shall be **unsealed following necessary redactions**:

- Exhibit 15
- Declaration of Margaret Mendez
- The City's memorandum of points and authorities and separate statement of facts

The following documents referenced in document number 209 shall **remain sealed**:

- Plaintiff's Exhibit I.

The following documents referenced in document number 232 shall be **unsealed**:

- Exhibit F
- Exhibit R
- Exhibit X
- Exhibit Z
- Exhibit FF
- Exhibit HH
- Exhibit GGG
- Exhibit JJJJ

The following documents referenced in document number 232 shall be **unsealed following necessary redactions**:

- Exhibit B-1
- Exhibit B-10
- Exhibit B-11
- Exhibit II
- Exhibit VVV
- All corresponding memoranda and statements of fact

The following documents referenced in document number 232 shall **remain sealed**:

- Exhibit I
- Exhibit W
- Exhibit OO
- Exhibit PP
- Exhibit ZZZ
- Exhibit GGG
- Exhibit LLLL

The following documents referenced in document number 240 shall **remain sealed**:

- Exhibit SSSS
- Unredacted Declaration of Joseph G. Dicks

The following document referenced in document number 256 shall be **unsealed following necessary redactions**:

- Exhibit AA

The following documents referenced in document number 257 shall be **unsealed**:

- The City's reply brief
- The City's opposition to Plaintiff's separate statement of facts

The following document referenced in document number 258 shall be **unsealed**:

- The Supervisor Defendants' response to Plaintiff's separate statement of facts

The following documents referenced in document number 273 shall **remain sealed**:

- Exhibit UUUU
- Exhibit WWWW

    •     Supplemental Declaration of Joseph G. Dicks

The following document referenced in document number 335 shall be **unsealed**:

    •     Declaration of DB

The parties shall perform any necessary redactions and file unsealed versions of all pertinent documents within **five days** of this order. The Clerk of Court is instructed to unseal all documents which do not require redacting and which may be unsealed in their entirety.

**IT IS SO ORDERED.**

DATED: May 14, 2014

Hon. Michael M. Anello
United States District Judge